USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/22/09_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re STATE STREET BANK AND                    08 md 1945 (RJH)(DFE)
TRUST CO. FIXED INCOME FUNDS
INVESTMENT LITIGATION                          (This is an ECF case.)
                                               MEMORANDUM AND ORDER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
F.W. WEBB COMPANY, et al.,
            Plaintiffs,

      - against -

STATE STREET BANK AND TRUST CO.,               09 Civ. 1241 (RJH)(DFE)
STATE STREET GLOBAL ADVISORS,
and CITISTREET, LLC,                           (This is an ECF case.)
            Defendants.                        MEMORANDUM AND ORDER
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DOUGLAS F. EATON, United States Magistrate Judge.

      I am responding to a joint letter dated May 8, 2009, from
Mr. Lurie on behalf of plaintiffs F.W. Webb Company, et al.
("F.W. Webb") and from Mr. Wolkoff on behalf of defendants State
Street Bank and Trust Company and State Street Global Advisors,
Inc. (collectively, "State Street") and from Mr. Butts on behalf
of defendant ING Institutional Plan Services, LLC, formerly
CitiStreet, LLC ("CitiStreet").

      **Issue 1:   Whether discovery relating to the SsgA
                   Yield Plus Fund should proceed pending
                   the resolution of the Defendants' motions
                   to dismiss.** (Pages 1-24 of the joint letter)

      Pending before Judge Holwell in the *F.W. Webb* lawsuit are
motions to dismiss the Complaint and a motion to dismiss the
Counterclaims.  The *F.W. Webb* lawsuit does not assert securities
law claims, and thus is not directly subject to an automatic stay
of discovery under the Private Securities Litigation Reform Act.
However, as recently noted by Judge Sullivan:  "Under Rule 26(c)
of the Federal Rules of Civil Procedure, a court may, in its
discretion, stay discovery 'for good cause.'  Factors relevant to
a court's determination of 'good cause' include:  the pendency of
dispositive motions, potential prejudice to the party opposing
the stay, the breadth of the discovery sought, and the burden
that would be imposed on the parties responding to the proposed
discovery."  *Ellington Credit Fund, Ltd. v. Select Portfolio
Services, Inc.*, 2009 WL 274483, *1 (S.D.N.Y. Feb. 3, 2009).

USDC SDNY
DATE SCANNED _5/22/09_

The *F.W. Webb* Plaintiffs request me to allow (a) document discovery to proceed as to both State Street and CitiStreet, and (b) depositions to proceed as to CitiStreet witnesses, staying only the depositions of State Street witnesses noticed by Plaintiffs with regard to the SsgA Yield Plus Fund until Judge Holwell decides the pending motions to dismiss.

CitiStreet requests me to stay all discovery as to all parties in the *F.W. Webb* lawsuit.

State Street has provided the *F.W. Webb* Plaintiffs with more than 13 million pages of documents that it has produced in the multi-district case 08 md 1945. However, State Street requests me to stay all discovery with regard to the SsgA Yield Plus Fund until Judge Holwell decides the pending motions to dismiss.

After considering the factors listed in *Ellington*, I rule as follows. I hereby stay all discovery as to all parties in the *F.W. Webb* lawsuit, with the following provisos. If Judge Holwell denies the motions to dismiss the entire Complaint in the *F.W. Webb* lawsuit, then, regardless of any motion for reconsideration:

(a) Within 14 days, the *F.W. Webb* Plaintiffs and all undismissed Defendants must hold a conference among themselves to discuss discovery; and State Street must explain to Plaintiffs which, if any, of the millions of pages already produced by it relate to the SsgA Yield Plus Fund; and all undismissed Defendants must identify their Rule 30(b)(6) witnesses concerning document retention and corporate organization, and state the dates when those witnesses would be available for deposition; and Plaintiffs and Defendants must contact my chambers and schedule a Rule 16 conference which may or may not include all the parties in the multi-district case.

(b) Within 21 days (and prior to taking depositions of any of the Plaintiffs), all undismissed Defendants must serve responses to all Rule 34 requests served by Plaintiffs prior to Judge Holwell's decision, and must begin making rolling production of documents.

(c) Within 42 days (and prior to taking depositions of any of the Plaintiffs), all undismissed Defendants must produce their Rule 30(b)(6) witnesses for deposition concerning document retention and corporate organization.

**Issue 2:**   **Whether the *F.W. Webb* Plaintiffs may later
redepose all State Street witnesses who
are deposed in the unregistered fund cases.**
(Pages 24-26 of the joint letter)

I agree with State Street that this issue need not be
decided at this juncture.

_____
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181fax

Dated:     New York, New York
           May 21, 2009

Copies of this Memorandum and Order will be sent by electronic
filing to all counsel, and by fax to:

David E. Lurie, Esq. at fax 617-367-1971fax
Harvey J. Wolkoff, Esq. at fax 617-951-7050fax
John J. Butts, Esq. at fax 617-526-5000fax

Hon. Richard J. Holwell