UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | § § § § | 1:08-md-01945-RJH |
| This Document Relates To: | § § § | |
| MEMORIAL HERMANN HEALTHCARE SYSTEM and THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD. | § § § § § | |
| Plaintiffs, | § § | 1:08-cv-05440-RJH |
| v. | § § | |
| STATE STREET BANK AND TRUST COMPANY | § § § § | |
| Defendant. | § § § | |

## MEMORIAL HERMANN'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

## TABLE OF CONTENTS

**Page**

OVERVIEW ................................................................................................................. 1

ARGUMENT IN REPLY ............................................................................................. 2

    1.      Memorial Hermann is not ignoring the legal effect of the contract ....................... 2

    2.      The contract does not relieve State Street of fundamental fiduciary duties .......... 4

            a.      The legal effect of the Permissive Provision .............................................. 5

            b.      The legal effect of the Exculpatory Provision ........................................... 9

    3.      Partial summary judgment is appropriate ........................................................... 10

PRAYER ...................................................................................................................... 11

CERTIFICATE OF SERVICE ..................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Air China Ltd. v. Li,*
    No. 07-CV-11128, 2010 WL 624839 (S.D.N.Y. Feb. 17, 2010)...........................................10

*Appeal of Davis,*
    67 N.E. 604 (Mass 1903) ........................................................................................7, 8

*Barton d/b/a Sterling World-Wide v. Concept Labs., Inc.,*
    No. 08-CV-591, 2010 WL 502831 (W.D.N.Y. Feb. 10, 2010) ...............................................10

*Berish v. Bornstein,*
    770 N.E.2d 961 (Mass. 2002) ................................................................................5, 9

*Chase v. Pevear,*
    419 N.E.2d 1358 (Mass. 1981) ..................................................................................6

*Cobell v. Norton,*
    240 F.3d 1081 (D.C. Cir. 2001) ................................................................................3

*Donato v. BankBoston, N.A.,*
    110 F. Supp.2d 42 (D.R.I. 2000)............................................................................5, 8

*Epling v. Golden Eagle/Satellite Archery, Inc.,*
    17 F. Supp.2d 207 (W.D.N.Y. 1998) .........................................................................10

*Guerriero v. Comm'r of the Div. of Med. Assistance,*
    745 N.E.2d 324 (Mass. 2001) ................................................................................3, 4

*Harvard College v. Armory,*
    9 Pick. (26 Mass.) 446 (1830)....................................................................................6

*Hoffman v. First Va. Bank of Tidewater,*
    263 S.E.2d 402 (Va. 1980)........................................................................................7

*Jim Ball Pontiac-Buick-GMC, Inc. v. DHL Express (USA), Inc.,*
    No. 08-CV-761C, 2010 WL 1840316 (W.D.N.Y. May 7, 2010) ...........................................10

*L-3 Commc'ns Corp. v. OSI Sys., Inc.,*
    283 Fed. Appx. 830 (2d Cir. 2008)............................................................................10

*Maffei v. Roman Catholic Archbishop of Boston,*
    867 N.E.2d 300 (Mass. 2007) ...................................................................................3

*Markham v. Fay,*
    74 F.3d 1347 (1st Cir. 1996)................................................................5, 8

*Old Colony Trust Co. v. Sillman,*
    223 N.E.2d 504 (Mass. 1967) ...................................................................8

*Omni Quartz, Ltd. v. CVS Corp.,*
    287 F.3d 61 (2d Cir. 2002).....................................................................10

*Rutanen v. Ballard,*
    678 N.E.2d 133 (Mass. 1997) ...................................................................4

*State Street Bank & Trust v. United States,*
    634 F.2d 5 (1st Cir. 1980)......................................................................5, 9

*Trustees of the Tapers Ins., Annuity & Pension Funds v. Nastasi-White, Inc.,*
    Nos. 91-CV-0650, 91-CV-0649, 91-CV-0634, & 91-CV-1014, 1994 WL 68281
    (S.D.N.Y. Feb. 28, 1994) ........................................................................10

*Williams & Sons Erectors, Inc. v. S.C. Steel Corp.,*
    983 F.2d 1176 (2d Cir. 1993)..................................................................10

*Zyware, Inc. v. Middlegate, Inc.,*
    No. 96-CV-2348, 1997 WL 685336 (S.D.N.Y. Nov. 4, 1997).................................10

**STATUTES**

MASS. GEN. LAWS ch. 203C, § 3(a) ...............................................................6, 7

**OTHER AUTHORITIES**

RESTATEMENT (SECOND) OF TRUSTS § 164 (1959) ...................................................3

RESTATEMENT (SECOND) OF TRUSTS § 174 (1959) ...................................................4

RESTATEMENT (SECOND) OF TRUSTS § 222 (1959) ...................................................9

RESTATEMENT (THIRD) OF TRUSTS § 78 (1992) .....................................................4

RESTATEMENT (THIRD) OF TRUSTS (PRUDENT INVESTOR RULE) (1992) .................................6

RESTATEMENT (THIRD) OF TRUSTS (PRUDENT INVESTOR RULE) § 222 (1992)............................5

RESTATEMENT (THIRD) OF TRUSTS (PRUDENT INVESTOR RULE) § 227 (1992)..........................6, 7

RESTATEMENT (THIRD) OF TRUSTS (PRUDENT INVESTOR RULE) § 228 (1992).......................5, 8, 9

RESTATEMENT (THIRD) OF TRUSTS (PRUDENT INVESTOR RULE) § 222 ..................................5

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Memorial Hermann Healthcare System and The Health Professionals Insurance Company, Ltd. (collectively "Memorial Hermann") file this Reply in Support of Motion for Partial Summary Judgment, and respectfully show the Court as follows:

**OVERVIEW**

Memorial Hermann moved for partial summary judgment asking the Court to determine, as a matter of law, the existence and scope of the fiduciary duties created by the Agreements of Trust. In response, State Street asserts that (i) partial summary judgment is not appropriate on part of Memorial Hermann's fiduciary duty claim and (ii) because State Street's duties are defined by contract, generally applicable fiduciary duties have no application to this case. Both assertions are contrary to controlling principles of law.

First, although State Street is correct in asserting that partial summary judgment is not appropriate for the partial adjudication of fact issues, that principle does not apply when, as here, a party seeks partial summary judgment on a legal question involving the construction of an unambiguous contract. Partial summary judgment is therefore appropriate on the grounds requested in Memorial Hermann's motion.

Second, when, as here, the contract at issue is a *trust agreement* that creates a *fiduciary relationship*, the duties imposed on the trustee are not limited to those expressly set forth in the contract. Instead, except as modified by the contract, the trustee owes generally applicable fiduciary duties as a matter of law. Although the trust agreements in this case give State Street broad discretion to make investment decisions and limit State Street's liability for mere "errors of judgment or law," nothing in the agreements relieve State Street of fundamental fiduciary duties to:

1

- Comply with the terms of the trust;

- Exercise reasonable care and skill in the administration of the trust;

- Exercise reasonable and prudent discretion in investing and managing trust assets;

- Use its best judgment and act in good faith in investing and managing trust assets;

- Deal fairly with and communicate all material facts to the beneficiary; and

- Avoid engaging in transactions that involve self-dealing or otherwise create conflicts of interest.

For these reasons, Memorial Hermann is entitled to partial summary judgment on the existence and scope of State Street's fiduciary duty.

### ARGUMENT IN REPLY

**1.     Memorial Hermann is not ignoring the legal effect of the contract.**

Holding itself out as a professional trustee, State Street entered into Agreements of Trust and received Memorial Hermann's assets to hold and invest in trust.  (*See* Docs. 63-2, 63-3.[1]) Because the Agreements gave State Street broad discretion to make investment decisions and relieved it from liability for mere "errors of judgment or law" – except for "willful default or gross negligence" – State Street assumes that the only duty it owed Memorial Hermann was a contractual duty not to commit "willful default or gross negligence."  (*See* Doc. 82 at 7-10.) Based on that assumption, State Street contends that fiduciary duties generally applicable to trustees have no application and, therefore, that Memorial Hermann is "merely seeking an advisory opinion on an abstract legal principle that will not resolve any case or controversy." (*Id.* at 6.)

---

[1] "Doc." numbers refer to items on file in case no. 1:08-CV-05440-RJH.

The fundamental problem with State Street's position is the erroneous premise that State Street's duties were defined solely by contract.  As explained, the Agreements of Trust establish a *fiduciary relationship* between State Street and Memorial Hermann as a matter of law.  (*See* (Doc. 64 at 3 (citing *Maffei v. Roman Catholic Archbishop of Boston*, 867 N.E.2d 300, 313 (Mass. 2007).))  In a written trust, the nature and extent of the trustee's duties are determined by "(1) the terms of the trust instrument and (2) in the absence of any provision in the terms of the trust, by the [generally applicable] rules governing the duties and powers of the trustee." *Guerriero v. Comm'r of the Div. of Med. Assistance*, 745 N.E.2d 324, 327 (Mass. 2001) (following RESTATEMENT (SECOND) OF TRUSTS § 164 (1959), which generally subjects a trustee to the fiduciary duties set forth in sections 169 to 196 of the Restatement); *see also Cobell v. Norton*, 240 F.3d 1081, 1099 (D.C. Cir. 2001) (recognizing same).  The "terms of the trust" refer not simply to the written words of the trust instrument but to any "manifestation of intention of the settler with respect to the trust expressed in a manner which admits of its proof in judicial proceedings." RESTATEMENT (SECOND) OF TRUSTS § 164(a) (1959).

As confirmed by the Supreme Judicial Court of Massachusetts:

> Many of the duties of the trustee to the beneficiary are imposed by the terms of the trust, either in words or by other manifestations of the settlor's intent. *Some of the duties of the trustee, however, may not be imposed by the terms of the trust, but may arise from the nature of the relationship.*

*Guierriero*, 745 N.E.2d at 327 n.4 (quoting RESTATEMENT (SECOND) OF TRUSTS § 164, cmt. h (1959)).  Consequently, unless otherwise provided in a trust agreement, a fiduciary relationship created by the trust agreement imposes the following fiduciary duties as a matter of law:

- A duty to comply with the "terms of the trust." *Guerriero*, 745 N.E.2d at 327 (citing RESTATEMENT (SECOND) OF TRUSTS § 164 (1959)).

3

- "A duty to exercise reasonable care and skill in the administration of the trust." *Guerriero*, 745 N.E.2d at 328 (citing RESTATEMENT (SECOND) OF TRUSTS § 174 (1959)).

- A duty of loyalty, which (i) requires a trustee to act in good faith and to deal fairly and communicate all material facts to a beneficiary and (ii) prohibits a trustee from engaging in transactions that involve self-dealing or otherwise create a conflict of interest. *Rutanen v. Ballard*, 678 N.E.2d 133, 139-40 (Mass. 1997); *see also* RESTATEMENT (THIRD) OF TRUSTS § 78 (1992).

Accusing Memorial Hermann of ignoring the contract (Doc. 82 at 6), State Street ignores generally applicable fiduciary duties imposed as a matter of law by the fiduciary relationship created by the contract. State Street's response thus confirms the need for this Court to determine: (i) whether the Agreements create a fiduciary relationship imposing fiduciary duties as a matter of law; and if so, (ii) whether the Agreements modify or eliminate any of the generally applicable fiduciary duties that would otherwise be imposed on State Street as a consequence of entering into a fiduciary relationship.

State Street does not appear to challenge Memorial Hermann's argument that, as trustee, State Street owed Memorial Hermann a fiduciary duty. Instead, by arguing that the only duties owed by State Street are those expressly set forth in the Agreements, State Street takes issue with Memorial Hermann's argument that State Street owes generally applicable fiduciary duties. The parties' disagreement thus centers on the extent to which the Agreements modify or eliminate generally applicable fiduciary duties.

      2.      **The contract does not relieve State Street of fundamental fiduciary duties.**

According to State Street, two contractual provisions relieve State Street from generally applicable fiduciary duties, render the "prudent investor rule inapplicable," and make State

4

Street's actions reviewable only for willful default or gross negligence. (*See* Doc. 82 at 6-9.)

The contractual language at issue provides as follows:

- State Street shall have the power, authority, and discretion to "retain, purchase and invest in any securities, without regard to diversification or any other principle applicable to investments of fiduciaries . . . ."[2]  (Docs. 63-2 & 63-3, ¶ THIRD ("Permissive Provision").)

- State Street "shall not be liable for any error of judgment or law on its own part, but it shall be liable only for its own willful default or gross negligence."[3]  (Docs. 63-2 & 63-3, ¶ FOURTH ("Exculpatory Provision").)

Resolution of Memorial Hermann's motion for partial summary judgment turns on the proper construction of these provisions.

### a.    The legal effect of the Permissive Provision.

By its plain terms, the Permissive Provision gives State Street broad discretion to make investment decisions. However, even "broadly phrased discretionary powers" must be exercised in accordance with the terms of the trust and generally applicable fiduciary duties. *See State Street Bank & Trust v. United States*, 634 F.2d 5, 9 (1st Cir. 1980) (concluding that State Street's expansive construction of its discretionary powers was "unreasonable"). Indeed, as a matter of law, a trustee is "restricted in the exercise of even broad discretionary powers by the terms of the trust viewed as a whole, and by the trustee's fiduciary duty to use his or her best judgment in good faith." *Markham v. Fay*, 74 F.3d 1347, 1358 (1st Cir. 1996). Accordingly, the Permissive Provision does not generally relieve State Street from "fiduciary constraints," as State Street incorrectly asserts. (*See* Doc. 82 at 8 n.4.)

---

[2] Provisions granting discretion to invest in different types of securities are commonly referred to as "permissive" provisions. *See, e.g.*, RESTATEMENT (THIRD) OF TRUSTS (PRUDENT INVESTOR RULE) § 228 cmt. f (1992); *Donato v. BankBoston, N.A.*, 110 F. Supp.2d 42, 49 (D.R.I. 2000).

[3] Provisions limiting a trustee's liability for breaches of trust are commonly referred to as "exculpatory" provisions. *See, e.g.*, RESTATEMENT (THIRD) OF TRUSTS (PRUDENT INVESTOR RULE) § 222 (1992); *Berish v. Bornstein*, 770 N.E.2d 961, 977 (Mass. 2002).

State Street also goes too far in arguing that, by allowing State Street to make investment decisions without regard to "any requirement of diversification, or any other principle applicable to investments of fiduciaries," the Permissive Provision renders the prudent investor rule "inapplicable to this case." (*See id.* at 8.) To understand why, it is necessary to understand how the prudent investor rule relates to principles of prudent investment.

The "prudent investor rule" is a modern reformulation of the "prudent man rule" set forth in *Harvard College v. Armory*, 9 Pick. (26 Mass.) 446, 461 (1830). *See* RESTATEMENT (THIRD) OF TRUSTS (PRUDENT INVESTOR RULE), Intro. at 3 (1992). In the *Harvard College* opinion, the Supreme Judicial Court of Massachusetts "rejected contentions that insurance and manufacturing stocks were not proper trust investments." *See Chase v. Pevear*, 419 N.E.2d 1358, 1365 (Mass. 1981) (discussing *Harvard College* opinion). In so doing, the Court opined:

> "All that can be required of a trustee to invest, is, that he shall conduct himself faithfully and exercise a sound discretion. He is to observe how men of prudence, discretion and intelligence manage their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income, as well as the probable safety of the capital to be invested."

*Chase*, 419 N.E.2d at 1365 (quoting *Harvard Coll.*, 9 Pick. at 461). Although the Court has since "rejected numerous efforts to establish categories of investments as improper," it has recognized certain principles that "may properly be taken into account as factors in determining what is prudent." *Chase*, 419 N.E.2d at 1365, 1366; *see also* RESTATEMENT (THIRD) OF TRUSTS (PRUDENT INVESTOR RULE) § 227, cmts. f, g, h (discussing principles of prudent investment).

Like many other states, Massachusetts has codified the prudent investor rule. *See* MASS. GEN. LAWS ch. 203C, § 3(a). The Massachusetts statute currently requires a trustee to "invest and manage trust assets as a prudent investor would, considering the purposes, terms, and other circumstances of the trust," and in satisfying that standard, to "exercise reasonable care, skill,

and caution." *See id.*, § 3(a).  Although the Massachusetts version of the rule does not *require* a trustee to use diversification or any other "principle applicable to investments of fiduciaries," *see id.*, diversification is one of the fundamental principles associated with prudent investing.  *See* RESTATEMENT (THIRD) OF TRUSTS (PRUDENT INVESTOR RULE) § 227, cmt. f(3).

By its plain language, the Permissive Provision gives State Street broad discretion to make investment decisions and relieves State Street from complying with any absolute "requirement" to invest in certain types of securities or to use certain investment strategies, such as diversification.  (*See* Docs. 63-2 & 63-3, ¶ THIRD.)  However, the Provision does not expressly excuse State Street from complying with "all duties generally applicable to fiduciaries."  (*Id.*)  Nor does it expressly relieve State Street from complying with generally applicable fiduciary duties, such as the fundamental fiduciary duty to invest and manage the trust assets as a prudent investor would, considering the purposes, terms, and other circumstances of the trust. (*Id.*) State Street's assertion that the Permissive Provision renders the prudent investor rule inapplicable is thus inconsistent with the Agreement's plain language.

State Street's construction of the Permissive Provision is also inconsistent with controlling legal authorities.  Although State Street has located a case from Virginia holding that a permissive provision waived the "prudent man rule,"[4] the Supreme Judicial Court of Massachusetts has held that "enabling words, inserted to give to the trustees the power to deal fully and expediently with the estate, . . . do *not* release the trustees from the obligation to exercise a reasonable and prudent discretion in regard to such investments." *Appeal of Davis*, 67 N.E. 604, 605 (Mass 1903) (emphasis added).  Reaffirming that principle, the Massachusetts Supreme Court rejected an argument very similar to the one State Street is attempting to advance

---

[4] *See* Doc. 82 at 8 (citing *Hoffman v. First Va. Bank of Tidewater*, 263 S.E.2d 402, 407 (Va. 1980) (concluding that a trust provision permitting the trustee to invest "'in any type of real or personal property . . . regardless of diversification or State laws,' . . . waived the application of the 'prudent man rule.'").

in this case. *See Old Colony Trust Co. v. Sillman*, 223 N.E.2d 504, 507 (Mass. 1967). In *Old Colony*, the Court construed a trust agreement that "provided that the trustee had 'absolute and uncontrolled discretion' was subject to no liability except for 'his own dishonesty or gross negligence.'" *Id*. Notwithstanding the agreement's language, the Court held that "even very broad discretionary powers are to be exercised in accordance with fiduciary standards and with reasonable regard for usual fiduciary principles." *Id*.

The *Old Colony* holding is consistent with the position expressed in the Restatement (Third) of Trusts:

> [T]he fact that an investment is permitted does not relieve the trustee of the fundamental duty to act with prudence. The [trustee] must still exercise care, skill, and caution in making decisions to acquire or retain the investment.

RESTATEMENT (THIRD) OF TRUSTS (PRUDENT INVESTOR RULE) § 228, cmt. f (1992). And the Restatement view has been adopted by other federal district courts. For instance, the United States District Court for the District of Rhode Island has held that "a permissive provision does not relieve trustees from scrutiny under a 'prudence' standard; it means only that a trustee cannot be found to have acted imprudently *per se* for holding a particular type of investment or for holding a disproportionately large amount of one investment." *Donato*, 110 F. Supp.2d at 49 (following RESTATEMENT (THIRD) OF TRUSTS (PRUDENT INVESTOR RULE) § 228, cmt. f (1992)). State Street's arguments are thus contrary to the overwhelming weight of authority.

*To sum up*: As a matter of law, the Permissive Provision should be construed as requiring State Street to exercise its broad discretionary powers in accordance with its fiduciary duties to comply with the terms of the trust, to use its best judgment in good faith, and to exercise a reasonable and prudent discretion in making investment decisions. *See Markham*, 74 F.3d at 1358; *Old Colony*, 223 N.E.2d at 507; *Appeal of Davis*, 67 N.E. at 605; RESTATEMENT

(THIRD) OF TRUSTS (PRUDENT INVESTOR RULE) § 228, cmt. f (1992). Because the discretion to make investment decisions does not encompass discretion to act imprudently, State Street's argument that the permissive provision effectively gave State Street carte blanche to invest Memorial Hermann's money according to State Street's subjective preferences -- without regard to the terms of the trust, principles of prudence, or any other ascertainable standard, is simply untenable. *See State Street*, 634 F.2d at 10.

### b.        The legal effect of the Exculpatory Provision.

State Street's response fails to cast any doubt on Memorial Hermann's argument that the Exculpatory Provision neither modifies nor eliminates any fiduciary duties that were imposed as a matter of law by the Agreement or the fiduciary relationship created thereby. (*See* Doc. 64 at 6-7.)   Although State Street asserts that the distinction between duty and liability[5] is a "distinction without a difference" (Doc. 82 at 7), whether an exculpatory provision relieves a trustee of liability depends on (i) whether the trustee breached a duty and, if so (ii) whether the breach of duty involved "willful default" or "gross negligence." *See, e.g., Berish*, 770 N.E.2d at 978.   It is impossible to answer either question without knowing what duties were owed. Memorial Hermann's motion for partial summary judgment asks the Court to define those *duties* as a matter of law; liability is not at issue.

State Street also asserts that the exculpatory provision is "valid and enforceable" and should be given its "full force and effect." (*See* Doc. 82 at 9-10.) But Memorial Hermann made no argument to the contrary.   Because State Street's "response" is wholly unresponsive, Memorial Hermann's argument that the Exculpatory Provision does not affect the existence or scope of the fiduciary duties owed stands unrebutted.

---

[5] *See* RESTATEMENT (SECOND) OF TRUSTS § 222, cmt. c (1959) (recognizing distinction between "exculpatory provisions and those limiting trustee's duties").

### 3.      Partial summary judgment is appropriate.

It should now be readily apparent why Memorial Hermann's motion for partial summary judgment is not "defective on its face," as State Street incorrectly asserts.  (*See* Doc. 82 at 4.) Memorial Hermann is not seeking piecemeal adjudication of "non-determinative" fact issues, as State Street incorrectly assumes.   Rather, as explained, Memorial Hermann's motion asks the Court to resolve legal questions about the proper interpretation of the Agreements of Trust.

It is well established that "[t]he proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment." *Omni Quartz, Ltd. v. CVS Corp.*, 287 F.3d 61, 64 (2d Cir. 2002).  Indeed, legal questions regarding contract construction are commonly presented in motions for partial summary judgment.[6]  Legal questions regarding the existence of fiduciary duties may also be resolved on partial summary judgment.[7]   Accordingly, the Court can and should decide: (i) whether the Agreements of Trust create a fiduciary relationship imposing fiduciary duties on State Street; and (ii) if so, the extent to which the Agreements modify the generally applicable fiduciary duties owed to Memorial Hermann.

---

[6] *See, e.g., Williams & Sons Erectors, Inc. v. S.C. Steel Corp.*, 983 F.2d 1176, 1183-84 (2d Cir. 1993) (reviewing order granting partial summary judgment on contract construction issue); *Jim Ball Pontiac-Buick-GMC, Inc. v. DHL Express (USA), Inc.*, No. 08-CV-761C, 2010 WL 1840316, at \*4 (W.D.N.Y. May 7, 2010) (denying cross-motions for partial summary judgment on contract construction issue because contractual language at issue was ambiguous); *Air China Ltd. v. Li*, No. 07-CV-11128, 2010 WL 624839, at \*1 (S.D.N.Y. Feb. 17, 2010) (denying cross-motions for partial summary judgment on contract construction issue about whether the contract was enforceable); *Barton d/b/a Sterling World-Wide v. Concept Labs., Inc.*, No. 08-CV-591, 2010 WL 502831, at \*1 (W.D.N.Y. Feb. 10, 2010) ("direct[ing] plaintiff to file a motion for partial summary judgment relative to the interpretation of the contract between the parties"); *Zyware, Inc. v. Middlegate, Inc.*, No. 96-CV-2348, 1997 WL 685336, at \*2 (S.D.N.Y. Nov. 4, 1997) (recognizing that a court "may grant partial summary judgment on an issue of contract interpretation if the contract language is unambiguous"); *Trustees of the Tapers Ins., Annuity & Pension Funds v. Nastasi-White, Inc.*, Nos. 91-CV-0650, 91-CV-0649, 91-CV-0634, & 91-CV-1014, 1994 WL 68281 (S.D.N.Y. Feb. 28, 1994) (granting partial summary judgment on contract interpretation issue).

[7] *See, e.g., L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 283 Fed. Appx. 830, 831 (2d Cir. 2008) (noting district court's ruling on partial summary judgment that defendant owed a fiduciary duty); *Epling v. Golden Eagle/Satellite Archery, Inc.*, 17 F. Supp.2d 207, (W.D.N.Y. 1998) (noting that the parties "cross-moved for partial summary judgment on the issue of whether [the defendant] had a fiduciary duty").

## PRAYER

Because its arguments for partial summary judgment stand unrebutted, Memorial Hermann reiterates its prayer to grant partial summary judgment declaring, as a matter of law, that State Street owed Memorial Hermann a fiduciary duty that encompasses the fundamental fiduciary duties of loyalty and prudence.  These fundamental duties required State Street to:

- Comply with the terms of the trust;

- Exercise reasonable care and skill in the administration of the trust;

- Exercise reasonable and prudent discretion in investing and managing trust assets;

- Use its best judgment and act in good faith in investing and managing trust assets;

- Deal fairly with and communicate all material facts to the beneficiary; and

- Avoid engaging in transactions that involve self-dealing or otherwise create conflicts of interest.

Respectfully submitted,

By: _Charles R. Parker_ / _by J. Rabe w/permission_

Charles R. Parker
cparker@lockelord.com
Southern District of Texas No. 2314
State Bar No. 15479500
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis, Suite 3400
Houston, Texas  77002-3095
Telephone:  (713) 226-1469
Facsimile:  (713) 229-2632

**ATTORNEY-IN-CHARGE FOR
MEMORIAL HERMANN**

*Admitted Pro Hac Vice*

11

**OF COUNSEL:**

LOCKE LORD BISSELL & LIDDELL LLP
  Jay G. Safer (JS-4609)
  jsafer@lockelord.com
3 World Financial Center, 20th Floor
New York, New York 10281-2101
Telephone: (212) 812-8305
Facsimile: (212) 812-8365

LOCKE LORD BISSELL & LIDDELL LLP
  John R. Nelson
  jnelson@lockelord.com
  Southern District of Texas No. 32683
  State Bar No. 00797144
100 Congress, Suite 300
Austin, Texas 78701-4042
Telephone: (512) 305-4868
Facsimile: (512) 305-4800

*Admitted Pro Hac Vice*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically served on all counsel of record on the 30th day of July, 2010.

John R. Nelson