UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | § § § § | 1:08-md-01945-RJH |
| This Document Relates To: | § § | |
| MEMORIAL HERMANN HEALTHCARE SYSTEM and THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD. | § § § § § | 1:08-cv-05440-RJH |
| Plaintiffs, | § § | |
| v. | § § | |
| STATE STREET BANK AND TRUST COMPANY | § § § | |
| Defendant. | § § § | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND RESPONSE TO RULE 56.1 STATEMENT OF FACTS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Memorial Hermann Healthcare System and The Health Professionals Insurance Company, Ltd. (collectively "Memorial Hermann") file this Memorandum of Law in Support of Motion To Amend Response to Rule 56.1 Statement of Facts, and respectfully show the Court as follows:

### OVERVIEW

In support of its motion for summary judgment against Memorial Hermann, State Street filed a Local Rule 56.1 statement of facts that was 17 pages long and that contained 74 numbered

paragraphs of allegedly "undisputed material facts." (Doc. 76.[1]) Memorial Hermann attempted to controvert each statement as to which there is a genuine fact issue to be tried. (Doc. 87.) In so doing, however, Memorial Hermann unintentionally and inadvertently "admitted" that Cambridge Financial Services was Memorial Hermann's *agent*:

> 5. Cambridge Financial Services ("Cambridge") was retained by Memorial Hermann to serve as its agent and investment advisor and thus to provide professional advice and assistance in the selection and oversight of Memorial Hermann's investments. Compl. ¶ 8; Skinner Decl. Ex. 4. Cambridge's principal place of business is Greenwich, Connecticut, and it has offices and clients nationwide. Compl. ¶ 4; Skinner Decl. Ex. 5 at CAM 11446; Ex. 6 at 326:9-22. Some of Cambridge's major clients include Boehringer Ingelheim, Spalding Sports Worldwide, and Sharp Electronics that constituted over $700 million in assets under management for Cambridge. Skinner Decl. Ex. 5 at CAM 11446; Ex. 6 at 326:9-22.
>
> **RESPONSE: Memorial Hermann admits the first sentence in Paragraph 5. As to the second sentence in Paragraph 5, Memorial Hermann admits that Cambridge's principal place of business is Greenwich, Connecticut and that Cambridge, at the time it submitted its response to Memorial Hermann's Request for Proposal for an Investment Consultant, had clients in at least four states. As to the third sentence in Paragraph 5, Memorial Hermann admits that, at the time it submitted its response to Memorial Hermann's Proposal for an Investment Consultant, Cambridge's clients included Boehringer Ingelheim, Spalding Sports Worldwide, and Sharp Electronics, and Cambridge had almost $700 million in assets under management.** (*Id.* at 3, ¶ 5 (emphasis added).)

As a matter of law, Cambridge was not Memorial Hermann's agent, but State Street is now attempting to use Memorial Hermann's inadvertent "admission" to further new arguments for summary judgment based on agency and imputed knowledge. Those arguments were raised for the first time in State Street's reply brief. (*See* Doc. 96 at 10-14.[2])

---

[1] "Doc." numbers refer to items on file in case number 1:08-cv-05440-RJH.

[2] Page numbers refer to the numbers electronically stamped on the header of each document.

As demonstrated below, Memorial Hermann's inadvertent "admission" that Cambridge was its agent is incorrect as a matter of law, and an erroneous legal conclusion is not the proper subject of an admission. Moreover, permitting Memorial Hermann to withdraw the inadvertent admission would aid the presentation of the merits and would not cause State Street any prejudice. Accordingly, the Court should grant this Motion to amend Memorial Hermann's response to State Street's Rule 56.1 statement.

**ARGUMENT AND AUTHORITIES**

1. **As a matter of law, Cambridge was not Memorial Hermann's "agent."**

The relationship between Memorial Hermann and Cambridge is established by a contract between those two parties and is governed by Texas law. (*See* Ex. 4, ¶ M.[3]) Under Texas law, "[a]gency is a legal relationship created by an express or implied agreement or by operation of law whereby the agent is authorized to act for the principal, subject to the principal's control." *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1296 (5th Cir. 1994). "'Although the question of agency is generally one of fact, whether a principal-agent relationship exists under established facts is a question of law for the court.'" *Id.* at 1295 n.105 (quoting *Ross v. Tex. One P'ship*, 796 S.W.2d 206, 209-10 (Tex. App.—Dallas 1990, writ denied)). Such is the case here.

The contract between Cambridge and Memorial Hermann establishes that Cambridge was hired as Memorial Hermann's "investment advisor" to perform the following functions:

- provide "monitoring and quarterly reporting" on investment performance;
- "answer questions and address ad hoc investment advisory issues";
- "assist with establishing written investment objectives and investment policy guidelines"; and

---

[3] "Ex." numbers refer to exhibits filed in support of or opposition to State Street's motion for summary judgment. *See* Doc. 79 (Exs. 1-43), Doc. 86 (Exs. 44-77), and Doc. 97 (Exs. 78-85).

AUS:0017275/00023:444208v2

- "assist[] with the selection and replacement of fund managers." (Ex. 4, ¶¶ A, E.)

Nothing in the contract authorized Cambridge to take any action on Memorial Hermann's behalf. (*See* Ex. 4.) That is why Cambridge's primary service provider, Ernest Liebre, was unable to "redeem Memorial Hermann's assets out of LDBF immediately and move the money into a money market fund." (*See* Doc. 76, ¶ 44.) As State Street has acknowledged, "State Street needed Memorial Hermann's direct authorization to make the transfer." (*Id.*)

The undisputed facts thus establish that Cambridge was not authorized to take any action on Memorial Hermann's behalf. Given those established facts, the question of agency should be determined as a matter of law. *See Karl Rove*, 39 F.3d at 1295 n.105. And as a matter of law, Cambridge was not Memorial Hermann's "agent." *See id.*

2. **Memorial Hermann should be permitted to withdraw its unintentional, inadvertent "admission."**

As a threshold matter, Local Civil Rule 56.1 applies to statements of *material facts*. *See* S.D.N.Y. LOC. CIV. R. 56.1. When, as here, the facts relating to an alleged agent's authority are undisputed, agency is a *legal conclusion*. *See Karl Rove*, 39 F.3d at 1295 n.105. Legal conclusions are not statements of fact capable of judicial admission. *See Stichting Ter Behartiging Van de Belangen van Oudaandeelhouders in het Kapitaal van Saybolt International B.V.*, 407 F.3d 34, 45 (2d Cir. 2005) (treating a Rule 56.1 statement that an assignment was validly made as a legal argument not appropriate for judicial admission). Consequently, "judicial admissions on questions of law have no legal effect." *Dabertin v. HCR Manor Care, Inc.*, 68 F. Supp.2d 998, 1000 (N.D. Ill. 1999).

Even if the Court were to conclude that the statement at issue is the proper subject of a Rule 56.1 admission, Memorial Hermann should be permitted to withdraw it because any such "admission" was unintentional and inadvertent. Although the Local Civil Rules do not contain a

specific procedure for withdrawing inadvertent admissions made pursuant to Rule 56.1, the Federal Rules of Civil Procedure give a court discretion to permit a party to withdraw or amend admissions made during discovery. *See* FED. R. CIV. P. 36(b). In determining whether to exercise that discretion, courts consider whether (i) the presentation of the merits would be aided and (ii) the party obtaining the admission would be prejudiced. *See id.*; *see also In re S.W. Bach & Co.*, Bankr. No. 07-11569, 2010 WL 681000, at *2 (Bankr. S.D.N.Y. Feb. 24, 2010). Those analogous guidelines favor permitting Memorial Hermann to withdraw the "admission" of agency at issue here.

Presentation of the merits would be aided: State Street's memorandum in support of its motion for summary judgment includes only two fleeting references to Liebre being Memorial Hermann's "agent." (*See* Doc. 78 at 8 n.4 & 18.) The focus of State Street's motion was State Street's contention that Memorial Hermann opted to ignore advice given by Liebre in his role as "investment advisor." (*See id.* at 15-24.) Consequently, the statements regarding "agency" are immaterial to State Street's summary judgment motion.[4] (*See* Docs. 75 & 78.)

Furthermore, if State Street were to use Memorial Hermann's Rule 56.1 "admission" of agency at trial, the jury would be presented with contradictory and confusing themes – that Cambridge was Memorial Hermann's agent but had *no authority* to act on Memorial Hermann's behalf. As such, permitting Memorial Hermann to withdraw the erroneous and inadvertent "admission" would not affect the merits of the summary judgment motion. But it would aid in the presentation of the merits by avoiding the potential for jury confusion. Accordingly, the first consideration weighs in Memorial Hermann's favor. So does the second.

---

[4] Issues of "agency" and "imputed knowledge" were first raised in State Street's reply brief. (*See* Doc. 100 at 10-14.) The reply brief also asserts, for the first time, that there is "no evidence" on various elements of Memorial Hermann's misrepresentation-based claims. (Doc. 100 at 22.) If the Court were to consider any of these new grounds for summary judgment, Memorial Hermann would request an opportunity to respond to those arguments in an additional brief or at a hearing.

No prejudice: In considering the prejudicial effect of allowing a party to withdraw an admission, courts typically focus on whether the party seeking the admission would face "special difficulties . . . caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *See, e.g., Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991). State Street would face no such "sudden need" for new evidence here because, as explained, agency was not material to any arguments presented in support of State Street's summary judgment motion. Permitting Memorial Hermann to withdraw its "admission" would, therefore, not cause State Street any prejudice.

### PRAYER

FOR THESE REASONS, Plaintiffs Memorial Hermann Healthcare System and The Health Professionals Insurance Company, Ltd. pray that the Court will grant their Motion to Amend Response to Rule 56.1 Statement of Facts and permit Plaintiffs to amend the first sentence of Paragraph "5" (five) of their Response to read as follows:

> **As a matter of law, Cambridge was not Memorial Hermann's agent. Memorial Hermann therefore denies that Cambridge was retained to serve as its "agent" but otherwise admits the facts in the first sentence of Paragraph 5.**

Plaintiffs further request all such additional relief to which they may be entitled.

>                                  Respectfully submitted,
>
>                                  By: _____
>                                      Charles R. Parker
>                                      cparker@lockelord.com
>                                      Southern District of Texas No. 2314
>                                      State Bar No. 15479500
>                                  LOCKE LORD BISSELL & LIDDELL LLP
>                                  600 Travis, Suite 3400
>                                  Houston, Texas 77002-3095
>                                  Telephone: (713) 226-1469
>                                  Facsimile: (713) 229-2632
>
>                                  **ATTORNEY-IN-CHARGE FOR**
>                                  **MEMORIAL HERMANN**
>
>                                  *Admitted Pro Hac Vice*

**OF COUNSEL:**

LOCKE LORD BISSELL & LIDDELL LLP
  Jay G. Safer (JS-4609)
  jsafer@lockelord.com
3 World Financial Center, 20th Floor
New York, New York 10281-2101
Telephone: (212) 812-8305
Facsimile: (212) 812-8365

LOCKE LORD BISSELL & LIDDELL LLP
  John R. Nelson
  jnelson@lockelord.com
  Southern District of Texas No. 32683
  State Bar No. 00797144
  Susan A. Kidwell
  skidwell@lockelord.com
  Southern District of Texas No. 631211
100 Congress, Suite 300
Austin, Texas 78701-4042
Telephone: (512) 305-4868
Facsimile: (512) 305-4800

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document was electronically served on all counsel of record on the 14th day of September, 2010.

_____
John R. Nelson

AUS:0017275/00023:444208v2