UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEMORIAL HERMANN HEALTHCARE
SYSTEM, et al.,

                Plaintiffs,

-against-

STATE STREET BANK AND TRUST CO.,

                Defendant.

08 MDL 1945

08 Civ. 5440 (RJH)

**MEMORANDUM OPINION**

**AND ORDER**

      Plaintiffs' motion for leave to amend is granted.

      Plaintiffs' claims against State Street fall into two groups: (1) pre-contractual misrepresentation claims; and (2) contract and other tort claims. The pre-contractual claims are based on allegations that State Street misrepresented the characteristics of the Limited Duration Bond Fund ("LDBF") to induce plaintiffs to enter an "Agreement of Trust" permitting State Street to invest plaintiffs' funds in the LDBF. The contract and other tort claims, collectively referred to here as "post-contractual claims," are based on allegations that State Street mismanaged the LDBF after plaintiffs had invested in it. The proposed Third Amended Complaint would add one pre-contractual cause of action (a claim under the Texas Securities Act ("TSA")), while also deleting a pre-contractual cause of action (fraud) and two post-contractual causes of action (breach of contract and breach of trust). Although the Third Amended Complaint slightly amplifies some of the underlying misrepresentation allegations, the pleading's main innovation is to change the formal causes of action, not the underlying allegations.

State Street argues that leave to amend should be denied for undue delay because plaintiffs filed the motion on January 27, 2010, two months after the official close of fact discovery on November 10, 2010.

Leave to amend must be granted "freely . . . when justice so requires." Fed. R. Civ. Proc. 15(a)(2). In some circumstances, courts deny leave where a party delays inexcusably in seeking to amend, but only if the delay also causes prejudice to the opposing party. *Touchtunes Music Corp. v. Rowe Intern. Corp.*, 07 Civ. 11450 (RWS), 2010 WL 1904326, at *2 (S.D.N.Y. 2010); *see MacDraw, Inc. v. CIT Group Equip. Financing, Inc.*, 157 F.3d 956, 962 (2d Cir. 1998). Here, State Street has not shown that the amendment will cause it prejudice. Plaintiffs demonstrated in their opening brief that the elements of the proposed TSA claim overlap in all relevant respects with the elements of the other pre-contractual claims (fraudulent inducement and negligent misrepresentation), such that the new claim will not require further discovery. State Street does not respond to this argument in any of its three briefs, nor does it explain any other plausible theory of prejudice.[1] Accordingly, plaintiffs' delay is not grounds for denying leave to amend.

---

[1] In its "Reply to Plaintiff's Brief in Opposition to State Street's Motion for Leave to File Sur-Reply" (*i.e.*, its sur-sur-reply), State Street argues it will suffer prejudice from the late addition of the TSA claim because plaintiffs intend to use a 2004 report listing the LDBF's holdings (the "holdings report") to buttress their claim that State Street made material misrepresentations about the LDBF. State Street produced the holdings report to plaintiffs in discovery on December 3, 2008, but nonetheless protests that it "had no notice of Plaintiff's allegations about the holdings report" until January 2010, when plaintiffs mentioned the document in an expert report. This argument does not make sense. From the beginning of the case, plaintiffs have alleged that State Street induced them to invest by misrepresenting the LDBF. The holdings report is relevant to that allegation because it permits a comparison between the information State Street provided to plaintiffs about the LDBF, on the one hand, and the LDBF's actual characteristics, on the other hand. Perhaps State Street failed to appreciate the document's significance when they produced it to plaintiffs in 2008, but they certainly cannot blame plaintiffs' late addition of the TSA claim for that failure.

State Street also argues the TSA claim is futile because the Third Amended Complaint does not allege any misrepresentations with the specificity required by Rule 9(b).

"Where a party opposes leave to amend on 'futility' grounds, the appropriate legal standard is whether the proposed [amendment] fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Ratcliffe v. Pradera Realty Co.*, 2007 WL 3084977, at *4 (S.D.N.Y. Oct. 19, 2007); *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Segatt v. GSI Holding Corp.*, 2008 WL 4865033, at *3 (S.D.N.Y. Nov. 3, 2008) (If the party seeking leave to amend "'is unable to demonstrate that he would be able to amend his [pleading] in a manner which would survive dismissal, opportunity to replead is rightfully denied.'") (quoting *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999)).

State Street's futility argument is perplexing for two procedural reasons. First, the misrepresentation allegations underlying the TSA claim also form the basis for the fraud and negligent misrepresentation claims, which plaintiffs have asserted since the outset of the case. It is unclear why State Street challenges the sufficiency of those allegations now, in the context of the TSA claim, after having proceeded through discovery on the other pre-contractual claims without raising a similar challenge to the pleadings. Second, in briefing this motion, State Street did not attack the sufficiency of the misrepresentation allegations in its opposition papers (even though it had received the proposed Third Amended Complaint), but instead waited until its proposed sur-reply to do so.

The Court is intrigued, but it need not determine the consequences of these procedural miscues because plaintiffs have submitted a "hypothetical fourth amended complaint" that cures the pleading deficiencies identified in State Street's sur-replies. Whereas the proposed Third Amended Complaint probably fails to describe any specific misrepresentation with the requisite detail (*i.e.*, the "who, what, where, when, and why" required under Rule 9(b)), the hypothetical fourth version amply describes numerous alleged misstatements.  ( *E.g.*, Fourth Am. Compl. ¶¶ 11-14 (August 2004 presentation); ¶ 16 (holdings report); ¶¶ 18-21 (November 2004 presentation and fact sheet).)  In light of these proposed amendments, the Court finds that the TSA claim is not futile.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to amend [**45**] is granted. Plaintiffs are directed to file their amended pleading within fourteen days of this order. Within fourteen days of that filing, the parties are directed to submit a joint letter stating their views as to what effect, if any, the amendments have upon the pending summary judgment motions.

State Street's motion for leave to file a sur-reply is denied as moot.[2] [59]

SO ORDERED.

Dated: New York, New York
September 17, 2010

Richard J. Holwell
United States District Judge

---

[2] As the text of this order makes clear, the Court has considered the briefs submitted in conjunction with State Street's motion for leave to file a sur-reply, even though this motion seems simply an excuse for an additional round of briefing. State Street asserts it is entitled to a sur-reply because plaintiffs mentioned the holdings report for the first time in their reply brief. But State Street then spends most of its sur-reply and sur-sur-reply on an argument that it could have raised in its opposition brief (that the Third Amended Complaint fails to state a TSA claim because it does not plead misrepresentations with specificity).

On this particular motion, the additional round of briefing has been helpful, because the parties' arguments have crystallized through each exchange. For example, State Street originally opposed the TSA claim on the ground that the contract's choice of law provision required application of Massachusetts law. By its third and final submission, however, State Street dropped this argument in an apparent concession that the choice of law provision does not govern the pre-contractual claims. *See Benchmark Elecs., Inc., v. J.M. Huber Corp.*, 343 F.3d 719, 726-27 (5th Cir. 2003).

Nonetheless, the Court disapproves of tactics to subvert briefing limits. Though many arguments might last forever, briefing has to end somewhere, and the rule is that it ends with the reply brief absent Court approval for a sur-reply.

5