UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | § § § § § | 1:08-md-01945-RJH |
| This Document Relates To: | § § | |
| MEMORIAL HERMANN HEALTHCARE SYSTEM and THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD. | § § § § § | 1:08-cv-05440-RJH |
| Plaintiffs, | § § | |
| v. | § § | |
| STATE STREET BANK AND TRUST COMPANY | § § § | |
| Defendant. | § § § | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISREGARD NEW ARGUMENTS RAISED IN REPLY BRIEF OR, ALTERNATIVELY, FOR LEAVE TO FILE SUR-REPLY**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Memorial Hermann Healthcare System and The Health Professionals Insurance

Company, Ltd. (collectively "Memorial Hermann") file this Memorandum of Law in Support of

Motion To Disregard New Arguments Raised in Reply Brief or, Alternatively, for Leave to File

Sur-Reply, and respectfully show the Court as follows:

### OVERVIEW

State Street moved for summary judgment on two grounds: (i) it argued that the evidence

conclusively established the affirmative defense of mitigation, which negated the causation

element of all of Memorial Hermann's claims; and (ii) it argued that, as a matter of law, it did

not make any "material misrepresentations," which is a required element of Memorial Hermann's fraud-based claims.  (*See* Doc. 78 at 7-8.[1])  Memorial Hermann responded by demonstrating that genuine issues of material fact preclude summary judgment on either basis. (Doc. 85.)

Attempting to take "a second bite at the summary judgment apple,"[2] State Street raised two new arguments in its reply brief: (i) there is "no evidence" to support "multiple elements" of Memorial Hermann's fraud-based claims (Doc. 100 at 22); and (ii) the affirmative defense of mitigation may be established based on principles of "agency" and "imputed knowledge" (*id.* at 10-11).  Those new arguments should be disregarded when deciding State Street's motion. Alternatively, Memorial Hermann should be permitted to file a sur-reply to explain why fact issues also preclude summary judgment based on those new arguments.

ARGUMENT

1.  <u>**Arguments made for the first time in a reply brief need not be considered.**</u>

A party moving for summary judgment has the initial burden to demonstrate – in its moving papers – the right to judgment as a matter of law.  *See* FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Summary judgment cannot be granted on the basis of arguments that are first raised in reply papers, because the [non-movants] have had no opportunity to respond to such arguments, and in any event, full consideration and development of these issues require that the arguments be raised in the original moving papers." *Meadowbrook-Richman, Inc. v. Assoc. Fin. Corp.*, 253 F. Supp.2d 666, 680 (S.D.N.Y. 2003). Permitting the movant to raise new arguments in a reply brief would also be manifestly unfair,

---

[1] "Doc." numbers refer to items on file in case no. 1:08-cv-05440.  Page references are to the page numbers electronically stamped on the top of each document.

[2] *Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 513 F. Supp.2d 18, 20 (S.D.N.Y. 2007).

because it would give that party "an additional chance to meet its burden on summary judgment." *See Aurora*, 513 F. Supp.2d at 20.   Moreover, permitting movants to raise new arguments in reply would "create[] opportunities for gamesmanship in motion practice." *Id.*

For those reasons, this Court typically declines to consider arguments for summary judgment raised for the first time in a reply brief. *See, e.g., Ocean Partners, LLC v. N. River Ins. Co.*, 546 F. Supp.2d 101, 106 (S.D.N.Y. 2008); *Fed. Trade Comm'n v. Med. Billers Network, Inc.*, 543 F. Supp.2d 283, 314 (S.D.N.Y. 2008); *Meadowbrook*, 253 F. Supp.2d at 680; *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997).   And permitting a non-movant file a sur-reply cannot eliminate the unfair prejudice that would result from considering summary judgment arguments first raised in reply. *See Aurora*, 513 F. Supp.2d at 20.

2.   **The Court should disregard the arguments for summary judgment first raised in State Street's reply brief.**

As the party seeking summary judgment, State Street had the initial burden to inform this Court of the "basis of its motion" and to identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *See Celotex*, 477 U.S. at 325.   In its moving papers, State Street asserted that the summary judgment evidence conclusively establishes State Street's affirmative defense of mitigation, which also negates the causation element required for all of Memorial Hermann's claims. (*See* Doc. 78 at 7-8.)   Additionally, State Street attempted to negate the "material misrepresentation" element of Memorial Hermann's fraud/fraudulent inducement claims by arguing that "[t]he undisputed facts establish as a matter of law that State Street's representations to Memorial Hermann before its investment in LDBF were accurate and in no way misleading." (*Id.* at 8.)

Memorial Hermann responded by identifying numerous fact issues involving the date on which it had reason to know of State Street's wrongdoing and the question of whether its

response to information received from State Street was "reasonable under the circumstances." (Doc. 85 at 12-16.) Those fact issues preclude summary judgment on the closely related grounds of mitigation and lack of causation. (*See id.*) Memorial Hermann also showed that fact issues about whether State Street made any actionable misrepresentations preclude summary judgment on the fraud-based claims. (*Id.* at 20-29.)

After Memorial Hermann demonstrated that State Street had failed to meet its summary judgment burden, State Street attempted to salvage its motion by raising two new arguments in its reply. To divert attention from the glaring fact issues about when Memorial Hermann had reason to know of State Street's wrongdoing, State Street raised new arguments based on concepts of "agency" and "imputed knowledge." (Doc. 100 at 10-14.) And in an effort to overcome fact issues about whether it made any material misrepresentations, State Street's reply brief asserted for the first time that there is "no evidence" to establish "multiple elements" of Memorial Hermann's fraud-based claims: "(1) that State Street made any material misrepresentations or omissions; (2) that Memorial Hermann relied let alone justifiably relied, on any of the isolated statements set forth in plaintiffs' Opposition; and (3) that State Street acted with an intent to deceive Memorial Hermann by recklessly making misrepresentations to induce Memorial Hermann to invest in LDBF." (Doc. 100 at 22.)

The Court need not consider these arguments when evaluating State Street's motion. *See Ocean Partners, LLC*, 546 F. Supp.2d at 106; *Fed. Trade Comm'n*, 543 F. Supp.2d at 314; *Meadowbrook*, 253 F. Supp.2d at 680; *Playboy Enters*, 960 F. Supp. at 720 n.7. Nor should the Court consider them, because doing so would cause unfair prejudice to Memorial Hermann by giving State Street a "second bite at the summary judgment apple." *See Aurora*, 513 F. Supp.2d at 20. State Street should be prohibited from raising new grounds for summary judgment simply

because Memorial Hermann demonstrated that State Street failed to meet its initial burden. *See id.*

**PRAYER**

FOR THESE REASONS, Plaintiffs Memorial Hermann Healthcare System and The Health Professionals Insurance Company, Ltd. pray that the Court will grant their Motion and will disregard the new arguments for summary judgment that State Street first raised in its reply brief. Alternatively, if the Court decides to consider such arguments, Plaintiffs pray that the Court will grant them leave to file a sur-reply to explain why State Street's new arguments also fail. Plaintiffs further request all such additional relief to which they may be entitled.

Respectfully submitted,

By: _Charles R. Parker_ / by parke
     Charles R. Parker    w/ permission
     cparker@lockelord.com
     Southern District of Texas No. 2314
     State Bar No. 15479500
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis, Suite 3400
Houston, Texas  77002-3095
Telephone:  (713) 226-1469
Facsimile:  (713) 229-2632

**ATTORNEY-IN-CHARGE FOR
MEMORIAL HERMANN**

*Admitted Pro Hac Vice*

5

**OF COUNSEL:**

LOCKE LORD BISSELL & LIDDELL LLP
 Jay G. Safer (JS-4609)
 jsafer@lockelord.com
3 World Financial Center, 20th Floor
New York, New York 10281-2101
Telephone: (212) 812-8305
Facsimile: (212) 812-8365

LOCKE LORD BISSELL & LIDDELL LLP
 John R. Nelson
 jnelson@lockelord.com
 Southern District of Texas No. 32683
 State Bar No. 00797144
100 Congress, Suite 300
Austin, Texas 78701-4042
Telephone: (512) 305-4868
Facsimile: (512) 305-4800

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

　　I hereby certify that a true and correct copy of the foregoing document was electronically served on all counsel of record on the 23rd day of September, 2010.

John R. Nelson