UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | MDL No. 1945 |
| MEMORIAL HERMANN HEALTHCARE SYSTEM AND THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD., <br><br>          Plaintiffs, <br><br> v. <br><br> STATE STREET BANK & TRUST COMPANY, <br><br>          Defendant. | No. 08 Civ. 5440 (RJH) |

**STATE STREET'S OPPOSITION TO PLAINTIFFS' MOTION TO
DISREGARD NEW ARGUMENTS RAISED IN REPLY BRIEF
OR, ALTERNATIVELY, FOR LEAVE TO FILE SUR-REPLY**

25524547_4

Defendant State Street Bank and Trust Company ("State Street") respectfully submits this Opposition to Memorial Hermann Healthcare System's ("MHHS") and the Health Professionals Insurance Company, Ltd.'s ("HePIC") (collectively, "Memorial Hermann") Motion to Disregard New Arguments Raised in Reply Brief or, Alternatively, For Leave to File Sur-reply. ("MH Mem.").

## INTRODUCTION

Although briefing has been concluded for almost two months on State Street's Motion for Summary Judgment, Memorial Hermann has filed two motions seeking to avoid the argument that Memorial Hermann's duty to mitigate its losses was triggered on July 27, 2007 or shortly thereafter, when State Street informed Memorial Hermann through its agent, Cambridge Financial Services ("Cambridge Financial"), of the Limited Duration Bond Fund's ("LDBF") dire condition. First, Memorial Hermann moved the Court to set aside its purported "inadvertent" admission that Cambridge Financial was its agent. Now, Memorial Hermann asks the Court to disregard State Street's agency/imputed knowledge argument or, alternatively, for a sur-reply, on the incorrect basis that State Street raised the agency/imputed knowledge argument for the first time in its Reply.[1] But a review of State Street's opening summary judgment brief confirms that this argument was prominently featured throughout the motion.[2]

Accordingly, Memorial Hermann's Motion should be denied.

---

[1] Memorial Herman also claims that State Street asserted for the first time in its Reply that there is no evidence to establish the elements of scienter and reliance for Memorial Hermann's misrepresentation claims. MH Mem. at 4. However, Memorial Hermann's argument has been mooted in light of its newly-filed Fourth Amended Complaint, which adds a Texas Securities Act claim that does not require proof of either of these two elements. See Tex. Rev. Civ. Stat. Ann. art. 581-33(A)(2).

[2] See Def.'s Opp. to Pls.' Mot. to Amend Resp. to Def.'s R. 56.1 Stmt. of Facts at 13-14 n. 17.

# ARGUMENT

## I.  State Street Argued in Its Opening Brief that Informing Cambridge Financial, as Memorial Hermann's Agent, Was Tantamount to Informing Memorial Hermann

"The standard for granting leave to file a sur-reply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *In re Worldcom, Inc. v. Commc'ns Network Int'l, Ltd.*, Bkrtcy. No. 02-13533(ALG), 2007 WL 1989262, at *5 (Bkrtcy. S.D.N.Y. July 9, 2007) (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)).  The moving party must specify the "basis for the request, and . . . the basis for its belief that that issue is a material one." *Int'l Bus. Machs.*, 66 F.R.D. 383, 385 (S.D.N.Y. 1975).

Memorial Hermann's contention that State Street argued for the first time in its Reply that Cambridge Financial was Memorial Hermann's agent is flatly incorrect.  Throughout its opening summary judgment papers, State Street unambiguously presented the argument that Cambridge Financial was Memorial Hermann's agent and that informing Cambridge Financial of LDBF's precarious circumstances on July 27, 2007, was the equivalent of informing Memorial Hermann:

- ". . . State Street had informed Memorial Hermann through its outside investment advisor of LDBF's substantial subprime exposure . . . ."  Def. Mem. at 2;[3]

- "Mr. Liebre, who Memorial Hermann admits was its agent . . . ." *Id*. at 3 n.4;

- "State Street informed Memorial Hermann through its advisor, Mr. Liebre, of LDBF's precarious and deteriorating situation." *Id*. at 5;

- ". . . Memorial Hermann's agent, Mr. Liebre, was informed by State Street . . . ." *Id*. at 13; and

- ". . . State Street informed Memorial Hermann through its advisor of LDBF's critical situation."). *Id*. at 19.

---

[3] Def.'s Mem. in Support of Mot. for Summary Judgment, dated June 2, 2010 (Doc. No. 64 in No. 08-cv-5440) ("Def. Mem.").

25524547_4

Memorial Hermann cannot claim to have been blindsided by this argument, which was (at most) further discussed in State Street's Reply. *See Ruggiero v. Warner Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (finding plaintiff was not unfairly prejudiced by the court's consideration of an argument that was subsumed in a broader argument advanced in opening papers and explicitly raised in reply brief). Indeed, this is the entire purpose of a reply brief – to allow the movant to elaborate upon the arguments raised in its opening brief as appropriate to respond to the other party's opposition. And this is precisely what State Street did in its Reply brief here: after stating in the opening brief that Memorial Hermann was advised through its agent, Cambridge Financial, of LDBF's condition, State Street responded in the reply brief to Memorial Hermann's perplexing assertion that it was somehow *not* on notice of the information provided to the agent. Furthermore, State Street has made clear throughout the discovery period that it intended to assert an argument related to agency and imputed knowledge.[4] *See Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 53 (2d Cir. 1996) (holding that district court properly relied on evidence submitted with defendants' summary judgment reply where the record showed that plaintiff was "fully aware prior to the defendants' reply of" the issue to which the evidence supported).

---

[4] During State Street's March 2009 deposition of Memorial Hermann's Chief Financial Officer, Carrol Aulbaugh, the following exchange between counsel for Memorial Hermann and State Street occurred:

> Q. When was Memorial Hermann or, to your knowledge, Cambridge Financial first apprised by State Street that there were losses or underperformance in the Limited Duration bond fund because of subprime investments?
>
> MR. PARKER: Your question, had both Memorial Hermann and Cambridge; is that what you want?
>
> MR. WOLKOFF: Yes. **Cambridge is Memorial Hermann's agent so telling Cambridge is like telling Memorial Hermann.**
>
> MR. PARKER: I just want to be sure we understand your question. Carrol can answer based on what he knows.

Finally, as discussed in State Street's Opposition to Memorial Hermann's Motion to Amend Response to Rule 56.1 Statement of Facts, State Street drafted its opening summary judgment brief relying in part on Memorial Hermann's many assertions that Cambridge Financial was its agent, which Memorial Hermann conceded in various iterations of the complaint and other pleadings.[5]  In doing so, State Street cited directly to Memorial Hermann's own complaint and the agency admissions made therein.  Def. Mem. at 3 n. 4.  State Street can hardly be faulted for not making a more elaborate argument in its opening brief in support of a point that Memorial Hermann had not only conceded, but indeed affirmatively alleged, and which, until Memorial Hermann recently made the incredible argument that its admission was "inadvertent," was never in dispute.

Accordingly, Memorial Hermann cannot credibly argue that it would be unfairly prejudiced if the Court considers State Street's agency/imputed knowledge argument.[6]  MH Mem. at 4.  These arguments are in no way new or prejudicial.

## **CONCLUSION**

For the reasons set forth herein, State Street respectfully requests that the Court deny Memorial Hermann's Motion to Disregard New Arguments Raised in Reply Brief or, Alternatively, For Leave to File Sur-reply.

---

*See* Declaration of Robert A. Skinner, dated October 7, 2010, Ex. 1 at 190:8-22 (emphasis added).

[5] *See* Def.'s Opp. to Pls.' Mot. to Amend Resp. to Def.'s R. 56.1 Stmt. of Facts at 3-5.

[6] Further, a sur-reply is inappropriate given that Memorial Hermann waited two months to bring its Motion.  *See, e.g.*, *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1168, 1192 (10th Cir. 2006) (declaring one and a half months as sufficient opportunity for non-moving party to seek leave to file a sur-reply).

- 5 -

Dated: October 7, 2010　　　　　　　　　ROPES & GRAY LLP

　　　　　　　　　　　　　　　　　　　　By: /s/ Harvey J. Wolkoff
　　　　　　　　　　　　　　　　　　　　Harvey J. Wolkoff
　　　　　　　　　　　　　　　　　　　　Robert A. Skinner
　　　　　　　　　　　　　　　　　　　　Prudential Tower
　　　　　　　　　　　　　　　　　　　　800 Boylston Street
　　　　　　　　　　　　　　　　　　　　Boston, MA  02199
　　　　　　　　　　　　　　　　　　　　Tel: (617) 951-7000
　　　　　　　　　　　　　　　　　　　　Fax: (617) 951-7050
　　　　　　　　　　　　　　　　　　　　harvey.wolkoff@ropesgray.com
　　　　　　　　　　　　　　　　　　　　robert.skinner@ropesgray.com
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant State Street Bank and Trust Company*

- 5 -

25524547_4

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on October 7, 2010, I caused a true and correct copy of the foregoing document to be served upon the all counsel of record via the ECF system.

                                                <u>/s/ Allison M. Boscarine</u>
                                                Allison M. Boscarine