UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/10

```
IN RE STATE STREET BANK AND TRUST CO.   )
FIXED INCOME FUNDS INVESTMENT           )
LITIGATION                              )
                                        )   08-MD-01945
                                        )
_____)

                                        )
F.W. WEBB COMPANY, ROBERT A.            )
MUCCIARONE, CHARLES SLATTERY III,       )
and EDWARD WELCH, as members of the     )
F.W. WEBB COMPANY SAVINGS & PROFIT      )
SHARING PLAN COMMITTEE, and             )
THE F.W. WEBB COMPANY SAVINGS &         )
PROFIT SHARING PLAN, on behalf of the Plan )
and participants thereof,               )
                                        )
                   Plaintiffs,          )
                                        )   09 Civ. 1241
         v.                             )
                                        )
STATE STREET BANK AND TRUST             )
COMPANY, STATE STREET GLOBAL            )
ADVISORS and CITISTREET, LLC,           )
                                        )
                   Defendants.          )
_____)
```

## ~~[struck through]~~ SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order for Conference Pursuant to Fed. R. Civ. P. 16 dated September 13, 2010, the parties, by and through their counsel identified below, conferred on October 5, 2010, and submit the following proposed scheduling order.

1.  **Date of the Conference and Identification of the Parties and their Attorneys:**

    a.  **The date at which the conference was held:**

    The initial case management conference in accordance with Fed. R. Civ. P. 16(a) was held by teleconference on October 8, 2010, at 11:00 a.m. EDT.

USDC SDNY
DATE SCANNED 8/8/10

b.  **Name and address of the attorney or attorneys who represented each party at the initial case management conference:**

| | |
|---|---|
| Attorneys for F.W. WEBB COMPANY, ROBERT A. MUCCIARONE, CHARLES SLATTERY III and EDWARD WELCH, as members of the F.W. WEBB COMPANY SAVINGS & PROFIT SHARING PLAN COMMITTEE, and THE F.W.WEBB COMPANY SAVINGS & PROFIT SHARING PLAN, on behalf of the Plan and participants thereof: | David E. Lurie<br>Thomas E. Lent<br>Karen E. Friedman<br>Lurie & Krupp, LLP<br>One McKinley Square<br>Boston, MA 02109<br>Tel: 617-367-1970 |
| Attorneys for CitiStreet, LLC, now known as ING Institutional Plan Services, LLC * | John J. Butts<br>Kevin S. Prussia<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>Tel: 617-526-6000<br><br>Steven F. Cherry<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue NW<br>Washington, D.C. 20006<br>Tel: 202-663-6000 |

*The parties will enter a stipulation to change the caption of the case accordingly. /s/

2.  **A concise statement of the issues as they then appear:**

*Plaintiffs' Position:* Plaintiffs commenced this action against defendants State Street Bank and Trust Company, State Street Global Advisors ("SSgA") and their affiliate CitiStreet as a result of their breaches of fiduciary duties under ERISA, including without limitation their misrepresentations regarding the SSgA Yield Plus Fund ("YPF") investment strategy. Plaintiffs assert that State Street and CitiStreet breached their fiduciary duties as investment advisors and directed trustees for the F.W. Webb Plan from 1996 to 2008. During this time period, State Street and CitiStreet affirmatively misrepresented the YPF to Plaintiffs as a safe, conservative

2

investment, tantamount to a money market fund. In actuality, the YPF was a highly risky fund that invested in low-quality mortgage-backed investments. Indeed, State Street and CitiStreet misrepresented, among other things, the true investment risk of the YPF and failed to disclose the dramatic changes that SSgA implemented in the investment strategy of the YPF. Further, CitiStreet never corrected prior statements made by its affiliate State Street Bank that led Plaintiffs to believe the YPF to be a money-market type fund and a conservative, safe investment option on the Plan's menu, but instead continued to tout the YPF as tantamount to a money market fund. Accordingly, Plaintiffs now seek to recover money damages and the award of other appropriate relief under ERISA for State Street's and CitiStreet's breaches of fiduciary duty.

The fund fact sheet CitiStreet refers to below was found in a presentation booklet prepared by CitiStreet. However, in the very same booklet, CitiStreet twice misrepresented the YPF as a money market fund and made similar misrepresentations on other occasions. In any event, CitiStreet never called F.W. Webb's attention to the fact sheet. With respect to the conversation in August 2007 between Douglas Lankow and Ellen Antonucci, F.W. Webb categorically denies that the conversation took place. Furthermore, there were no written communications from CitiStreet in or around August 2007 that the YPF was heavily invested in mortgage-related securities and that nearly half of the fund was exposed to sub-prime mortgages. In fact, the YPF was 80% invested in mortgage-related securities as of September 30, 2007.

By Memorandum Opinion and Order dated August 12, 2010 ("August 12 Decision"), Plaintiffs' claims against defendants State Street Bank and Trust Company and State Street Global Advisors (together, "State Street") were dismissed, along with certain non-ERISA claims against CitiStreet. Plaintiffs have moved for reconsideration of the August 12 Decision.

3

Plaintiffs' ERISA claims against CitiStreet remain unaffected by the August 12 Decision.

*CitiStreet's Position*: In this action, Plaintiffs, who are the named fiduciaries of the F.W. Webb Company Savings & Profit Sharing Plan (the "Plan"), attempt to distract from their own management of the Plan by claiming that CitiStreet, which was a non-fiduciary administrative record keeper, was responsible for Plaintiffs' selection of investment options to offer the Plan's participants, and in particular the YPF. Plaintiffs' claim fails for a number of reasons. First and foremost, CitiStreet was not an ERISA investment advice fiduciary to the Plan. Indeed, the agreement pursuant to which CitiStreet provided administrative services to the Plan provides that Plaintiffs—not CitiStreet—were responsible for selecting the investments to offer the Plan's participants. Also, CitiStreet did not provide Plaintiffs or the Plan investment advice, and at no time did CitiStreet do anything to become a "functional" investment advice fiduciary under ERISA as Plaintiffs contend.

Apart from those failings, CitiStreet *did* inform Plaintiffs that the YPF was not a money market fund. For example, before the YPF experienced any losses, CitiStreet provided Plaintiffs with a fund fact sheet which provided them detailed information about the YPF. That document explicitly stated:

> ***Unlike a money market fund***, the price of the Yield Plus Fund will fluctuate because the fund may invest in securities with higher levels of risk and different maturities. In contrast this Fund purchases issues that are less liquid than money market instruments and these instruments will have more price volatility. The Fund should not be used for daily liquidity. Returns are more volatile over short term horizons than traditional cash alternatives and may not benefit the short-term investor.

(emphasis added). It also disclosed that the YPF invested in "mortgage related securities" and "asset backed securities," and that those types of securities, respectively, represented 63.8% and 27.3% of the fund's portfolio. Although Plaintiffs acknowledge receiving this document, they

have stated through counsel that they did not read it because it was supposedly part of a "thick booklet." By making that statement, Plaintiffs have admitted that they did not fulfill their fiduciary duty to the Plan's participants of appropriately monitoring and managing the Plan's investments options.

In addition, in early August 2007, Douglas Lankow of CitiStreet called Ellen Antonucci, a Plan representative, and told her that the YPF was invested in mortgage-backed securities and that nearly half of the fund was exposed to sub-prime mortgages. Plaintiffs chose not to act on that information.

CitiStreet denies any liability whatsoever to Plaintiffs. In the event, however, that it is held liable, CitiStreet asserts that Plaintiffs are then liable to CitiStreet for contribution and indemnification.

3. **Proposed schedule:**

   a. **the deadline by which the parties may move to amend the pleadings or join any other parties:** *Except for good cause shown,* [handwritten annotation: RJH]

   In moving for reconsideration of the August 12 Decision, Plaintiffs also have sought leave to file a First Amended Complaint. The deadline by which parties may move to further - amend the pleadings or join any other party shall be December 10, 2010.

   [struck through:] *Plaintiffs' Position*: This deadline, however, shall not be a bar to any party to seek to amend the pleadings or join any other party based on the evidence obtained during discovery.

   *CitiStreet's Position*: The December 10 deadline should serve as a complete bar to further motions to amend the pleadings or to join additional parties. Plaintiffs' position is essentially renders the December 10 deadline meaningless. The parties should be able to complete discovery with certainty as to the claims at issue without the possibility of those claims being changed at the eleventh hour.

5

b.  **dates for document requests and initial interrogatories:**

The parties already have made their voluntary disclosures pursuant to Fed. R. Civ. P. 26(a)(1). All interrogatories, document requests, and/or requests for admissions must be served so that the responses thereto will be due under the Federal Rules of Civil Procedure by April 15, 2011. The time for responses to written discovery shall be the times set forth in the Federal Rules of Civil Procedure.

c.  **date for the completion of document production**

The parties agree that all document productions shall be completed by May 1, 2011, and that subject to Magistrate Judge Eaton's Memorandum and Order of May 21, 2009, CitiStreet will make rolling productions. *Given that the parties have more than six months under this scheduling order, they should, in the first instance, be able to work out document production schedules among themselves.*

*Plaintiffs' Position*: Plaintiffs served their Request for Production of Documents on CitiStreet over a year and a half ago. Discovery was stayed pending a decision on the motions to dismiss filed in the case. Magistrate Eaton's Order was intended to expedite CitiStreet's responses once the stay of discovery was lifted. CitiStreet served its Request for Production on Plaintiffs on October 4, 2010. Plaintiffs intend to respond in a timely fashion pursuant to the rules governing discovery.

*CitiStreet's Position*: CitiStreet believes that any obligations with respect to the timing of document productions in this case should be mutual, and that this was the intent behind Magistrate Judge Eaton's order. Accordingly, CitiStreet believes that Plaintiffs should make an initial production of documents when they serve their responses and objections to CitiStreet's first request for production of documents and that Plaintiffs should make rolling productions thereafter.

d. **the names of non-expert witnesses expected as this time to be deposed and either specific dates or a timetable for when depositions will take place:**

All fact, non-expert depositions shall be taken prior to July 29, 2011.

Without prejudice to the right to seek depositions of additional individuals or witnesses that Plaintiffs identify at a later date, Plaintiffs state the individuals below are those expected at this time to be deposed:

    i. Fed. R. Civ. P. 30(b)(6) witness(es) for CitiStreet

    ii. Peter Arcabascio

    iii. Ralph Ferraro

    iv. Keith Fuller

    v. Jodi Hunt

    vi. Doug Lankow

    vii. John Latella

    viii. Fed. R. Civ. P. 30(b)(6) witness(es) for State Street Bank

    ix. Bob Quinn

    x. Michael F. Barry

    xi. John Flannery

    xii. Frank Gianatasio

    xiii. James Hopkins

    xiv. Robert Pickett

    xv. Pia McCusker

    xvi. Julio Fuentes

    xvii. Brian Kinney

Plaintiffs further incorporate the list of State Street and CitiStreet individuals provided within Plaintiffs' initial discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(1) as persons whom Plaintiffs also may seek to depose. Plaintiffs reserve the right to amend or supplement this list as discovery progresses in this case.

Without prejudice to the right to seek depositions of additional individuals or witnesses that CitiStreet identifies at a later date, CitiStreet expects to depose the following individuals:

 i. Fed. R. Civ. P. 30(b)(6) witnesses for F.W. Webb

 ii. Robert A. Mucciarone

 iii. Charles Slattery III

 iv. Jack Hester

 v. Edward Welch

 vi. Ellen Antonucci

 vii. Mary Mooney

 viii. Members of the F.W. Webb Company Savings & Profit Sharing Plan Committee

CitiStreet further incorporates the list of individuals provided within Plaintiffs' initial discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(1) as persons whom CitiStreet may also seek to depose. CitiStreet reserve the right to amend or supplement this list as discovery progresses in this case.

**d.  a date by which all non-expert discovery shall be completed:**

All fact, non-expert discovery shall be completed by no later than July 29, 2011.

**e.  dates by which the disclosure of the identities and reports of experts required by Rule 26(a)(2) will be made:**

The parties shall disclose the identities of any experts they intend to offer with respect to issues on which that party bears the burden of proof, as well as a brief description of the subject

areas of that testimony on August 15, 2011. Written reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) for such experts shall be served by September 30, 2011.

The parties shall disclose the identity of their rebuttal experts and shall also provide written reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) for their rebuttal experts by October 31, 2011.

> **f.    the date by which depositions of experts shall be completed:**

All depositions of experts shall be taken on or before December 15, 2011.

> **g.    the date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which plaintiff will supply pretrial order materials to defendant; and the date by which the parties will submit a joint pretrial order in accordance with procedures of the judge before whom the trial will be conducted. The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.**

Motions for summary judgment, if any, may be served and filed no later than January 31, 2012. Oppositions to any motions for summary judgment must be served and filed no later than March 1, 2012. Replies to oppositions to motions for summary judgment must be filed by March 21, 2012.

If no dispositive motions are filed by either party, then the parties shall submit a joint pretrial order consistent with Fed. R. Civ. P. 26(a)(3) and Section 4 of Judge Richard J. Holwell's Individual Practices on or before February 1, 2012. If dispositive motions are filed by either party, then the parties shall submit a joint pretrial order consistent with Fed. R. Civ. P. 26(a)(3) and Section 4 of Judge Richard J. Holwell's Individual Practices within thirty (30) days of the Court's ruling on any such motion, as necessary.

> **4.    A statement of any limitations to be placed on discovery, including any protective or confidentiality orders:**
>
> > a.    Protective Order Concerning Confidential Discovery Material: ~~Attached is the~~ *[handwritten: The]*

[The parties have entered into a] Stipulated Protective Order ~~entered~~ in the State Street Bank ERISA Litigation, which shall govern this case. The terms of the Protective Order are binding upon all current and future parties to the Litigation and their counsel, which would include the present matter. See Page 1; see also ¶ 16. The parties have been subject to this Protective Order, and a copy was provided to the parties' counsel by State Street's counsel as required by its terms.

b. <u>Limits on Depositions:</u> ~~The parties agree that there should be limits on the number, and length, of depositions, but disagree on the appropriate limits.~~

~~Plaintiffs' Position:~~ Each party shall be limited to ~~fifteen~~ 10 depositions of fact witnesses. ~~Except for witnesses deposed pursuant to Fed. R. Civ. Pro. 30(b)(6),~~ each deposition shall be limited to one day of no more than seven hours. [Notwithstanding these provisions, either party may apply to increase the number of depositions (up to 15) or the length of the deposition beyond 7 hours, upon good cause shown or if the parties are unable to reach agreement.] ~~If a party believes it will need more than seven hours with a particular witness, it may raise the matter with the court if the Parties are unable to reach agreement on the issue.~~

~~CitiStreet's Position: CitiStreet believes that the limits of Fed. R. Civ. P. 30 should govern this case, and that the parties should respectively be limited to ten depositions of fact witnesses pursuant to Rule 30(a)(2)(A)(i)), and that each deposition should be limited to one day of no more than seven hours pursuant to Rule 30(d)(1). CitiStreet further states that the seven hour time limit should apply to *all* depositions (including those taken pursuant to Rule 30(b)(6)), and notes that the time period prescribed in Rule 30(d)(1) does not distinguish between depositions taken of a person pursuant to Rule 30(b)(1) and depositions taken of an organization under Rule 30(b)(6).~~

5. **A statement of those discovery issues, if any, as to which the parties, after a good faith effort, have been unable to reach an agreement:**

   a. State Street's identification of documents in its MDL productions that relate to the Yield Plus Fund.

10

*Plaintiffs' Position:* Under Magistrate Judge Eaton's Memorandum and Order dated May 21, 2009, within 14 days of Judge Holwell's decision on the motion to dismiss, State Street was to explain to the Plaintiffs which, if any, of the approximately fourteen million pages already produced in the multi-district litigation relate to the YPF. Plaintiffs and State Street Bank do not agree as whether State Street has a continuing obligation under Judge Howell's Order to identify those documents, Plaintiffs' will attempt to resolve the issue with State Street Bank, but if they are unable to do so will move to compel identification of the YPF documents.

*CitiStreet's Position:* CitiStreet takes no position on this issue.

b.  CitiStreet's Responses and Objections to Plaintiffs' Request For Production of Documents: CitiStreet served its responses and objections on September 3, 2010. The Response raises various objections to Plaintiffs' requests. Plaintiffs are in the process of addressing these objections with CitiStreet. If the Parties are unable to resolve the issues, Plaintiffs anticipate bringing them to the Court's attention in the near future.

6. **Anticipated fields of expert testimony, if any:**

Without prejudice, Plaintiffs state that the anticipated fields of expert testimony include: (i) the investment objective for the YPF and whether it was tantamount to a money market fund; (ii) CitiStreet's failure of proper disclosure regarding the composition and stability of the YPF; (iii) breach of fiduciary duties of disclosure and prudence by CitiStreet; and (iv) damages incurred by Plaintiffs.

CitiStreet states that it has not yet determined the anticipated fields of expert testimony that it intends to offer. It may, however, offer expert testimony about (i) the investment objective and risk profile of the YPF; (ii) the appropriateness of CitiStreet's actions; (iii) Plaintiffs' failure to fulfill their fiduciary duties to the Plan; and (iv) the absence of damages to

the Plan.

7. **Anticipated length of trial and whether, and by whom, a jury has been requested:**

   *Plaintiffs' Position:* A jury trial has been requested by the Plaintiffs on all issues so triable. Plaintiffs anticipate the length of trial to be 5-7 days.

   *CitiStreet's Position:* CitiStreet states that Plaintiffs are not entitled to a jury trial under ERISA, which is a statute that is equitable in nature and does not provide for jury trials. CitiStreet further states that it believes Plaintiffs' claim will be resolved in CitiStreet's favor on summary judgment. In the event that Plaintiffs' claim survives summary judgment, CitiStreet anticipates a bench trial of 5-7 days.

8. **An approximate date or stage of the case when the parties believe it would be most helpful to engage in settlement discussions and whether the parties would like to discuss settlement at such time under the supervision of a private mediator, a mediator from the SDNY Mediation Program, or the undersigned:**

   The Parties have engaged in preliminary settlement discussions. Plaintiffs provided a written settlement offer to CitiStreet on or about September 24, 2010, and have expressed their willingness to go to mediation. CitiStreet is evaluating Plaintiffs' offer, and whether mediation would be constructive at this stage of the litigation. *The parties will advise the Court by letter no later than October 22, 2010 whether they wish to proceed with mediation at this time.* /s/

9. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

Dated: October 8, 2010
New York, New York

Absent extraordinary circumstances, no extensions of the dates set forth in this Scheduling Order will be granted.

SO ORDERED:

_____
JAMES L. COTT
United States Magistrate Judge

13