UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | § § § § | 1:08-md-01945-RJH |
| This Document Relates To: | § § | |
| MEMORIAL HERMANN HEALTHCARE SYSTEM and THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD. | § § § § § § | 1:08-cv-05440-RJH |
| Plaintiffs, | § § | |
| v. | § § | |
| STATE STREET BANK AND TRUST COMPANY | § § § § | |
| Defendant. | § § § | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO AMEND
RESPONSE TO RULE 56.1 STATEMENT OF FACTS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Memorial Hermann Healthcare System and The Health Professionals Insurance Company, Ltd. file this Reply in Support of their Motion to Amend Response to Rule 56.1 Statement of Facts,[1] and in support, respectfully show the Court as follows:

State Street's response confirms that the only question regarding the alleged agency relationship is much narrower than Memorial Hermann's overly broad "admission" might

---

[1] Memorial Hermann's motion and supporting memorandum are Docs. 101 and 102. State Street's response is Doc. 109. All "Doc." numbers refer to items on file in case no. 1:08-cv-5440. Page references are to the page numbers electronically stamped at the top of each document.

AUS:0017275/00023:446184v1

suggest. That issue is whether Cambridge was Memorial Hermann's agent for the limited purpose of receiving and transmitting information related to Memorial Hermann's investments. (*See* Doc. 109 at 17.) Because that question may be answered based on established facts, the answer is a legal conclusion – not a statement of fact capable of being "admitted." Regardless, the answer is immaterial to State Street's motion for summary judgment.

As previously demonstrated, even if Cambridge were Memorial Hermann's "agent" in this limited sense, there are still questions of fact regarding (i) whether the information provided to Cambridge was sufficient to trigger Memorial Hermann's duty to mitigate and (ii) whether Memorial Hermann's response to the information provided by State Street was "reasonable under the circumstances." (*See* Doc. 85 at 11-16.) Thus, even State Street acknowledges that agency is "not a dispositive issue." (Doc. 109 at 19.) Under these circumstances, no prejudice could possibly result from permitting Memorial Hermann to amend its vague and overly broad "admission" of a legal conclusion that is inaccurate as a matter of law. Memorial Hermann's motion should be granted.

### 1. Plaintiffs' supposed "admission" is an inaccurate legal conclusion.

State Street's response is premised on the erroneous assumption that Memorial Hermann's statement regarding agency is an admission of *fact*. But State Street also recognizes that, whether an agency relationship exists under the established facts in this case may be determined as a matter of *law*. (*See* Doc. 109 at 12.) The parties' disagreement over whether Memorial Hermann should be permitted to amend its Rule 56.1 Response's "admission" of agency thus focuses on whether Cambridge is Memorial Hermann's "agent" – for the limited purpose of receiving and transmitting information – as a matter of law. The nature of the dispute confirms that Memorial Hermann's motion should be granted. Questions of law are simply not

2

the proper subject for judicial admissions. *See Stichting Ter Behartiging Van de Belangen van Oudaandeelhouders in het Kapitaal van Saybolt International B.V.*, 407 F.3d 34, 45 (2d Cir. 2005).

State Street assumes that, by agreeing to provide investment advising services, Cambridge became Memorial Hermann's agent for the limited purpose of receiving and transmitting information. To the contrary, under Texas law, an agreement to provide services does not establish an agency relationship unless the principal retains the right to control the details of the agent's work. *Cardinal Health Solutions, Inc. v. Valley Baptist Med. Ctr.*, 643 F. Supp.2d 883, 888 (S.D. Tex. 2008). "The right to control 'includes not only the right to assign tasks, but also the right to dictate the means and details of the process by which an agent will accomplish the task.'" *Id.* (citations omitted). In addition, "an 'essential characteristic of an agency is the power of the agent to commit his principal to business relationships with third parties.'" *Id.* (citations omitted).

It is undisputed that, although Cambridge received and transmitted information from State Street, Cambridge had no authority to make investment decisions for Memorial Hermann, to commit Memorial Hermann to business relationships with third parties, or to take any other actions on Memorial Hermann's behalf. (*See* Doc. 109 at 16.) The mere fact that Memorial Hermann occasionally asked Cambridge to request information from State Street is, as a matter of law, insufficient to transform a contractual relationship into one of agency. *See Cardinal Health*, 643 F. Supp.2d at 888. Because there is no evidence that Memorial Hermann controlled the "means and details of the process" by which Cambridge communicated with State Street,

Cambridge is not Memorial Hermann's "agent" in any legal sense of the word.[2] Accordingly, Memorial Hermann's overly broad "admission" of a legal conclusion is neither accurate nor binding.

### 2. The issue of agency is not dispositive of any issue raised in State Street's motion for summary judgment.

The bulk of State Street's response attempts to explain how the admission of agency will "compel summary judgment in State Street's favor." (Doc. 109 at 5.) However, as explained in Memorial Hermann's response to State Street's motion, the information State Street provided to Cambridge was wholly insufficient to establish as a matter of law that Memorial Hermann's duty to mitigate was triggered on July 27, 2007. (*See* Doc. 85 at 11-15.) Moreover, even assuming that Memorial Hermann's duty to mitigate was triggered in late July, fact issues about whether Memorial Hermann's response to the information provided was "reasonable under the circumstances" must be decided by a jury. (*Id.* at 15-16.) That is why State Street recognizes that agency is "not a dispositive issue." (*See* Doc. 109 at 19.)

### 3. Plaintiffs' failure to clarify agency issues in their response to State Street's Rule 56.1 statement was inadvertent.

It is undisputed that, in various pleadings, Memorial Hermann has alleged that Cambridge was Memorial Hermann's "agent." However, because those allegations are inaccurate as a matter of law, they have been removed from Memorial Hermann's Fourth Amended Complaint. (*See* Doc. 108.) Although State Street asserts that these prior allegations prove that Memorial Hermann's "admission" of agency in response to State Street's Rule 56.1

---

[2] The Restatement recognizes that "the terminology of agency is widely used in commercial settings and academic literature to characterize relationships that are not necessarily encompassed by the legal definition of agency." RESTATEMENT (3D) OF AGENCY § 1.01, cmt. b. Deposition testimony referring to Liebre as Memorial Hermann's "agent" is thus readily understood as a reference to Cambridge's service in an "intermediary function;" it need not be construed as an "admission" that Cambridge was an "agent" in the legal sense of the term. *See id.*

statement of facts was intentional, it was not until State Street made legal arguments relating to agency and imputed knowledge that Memorial Hermann realized that it had improperly "admitted" a legal conclusion for purposes of summary judgment. *That* "admission" was inadvertent for two reasons: (i) State Street's overly broad assertion of agency was buried in a lengthy Rule 56.1 statement of facts; and (ii) State Street did not make any legal arguments relating to agency until its Reply brief. But regardless of whether the purported "admission" was inadvertent or intentional, Memorial Hermann cannot be bound by an erroneous legal conclusion.

## PRAYER

For these reasons, Plaintiffs respectfully move the Court to grant their motion to amend their Rule 56.1 Response. In light of the additional briefing, the following language would provide the most accurate response to State Street's assertion in paragraph five that Cambridge "was retained by Memorial Hermann to serve as its agent and investment advisor and thus to provide professional investment advice and assistance in the selection and oversight of Memorial Hermann's investments":

> **Memorial Hermann admits that Cambridge was retained to serve as its investment advisor and to provide professional investment advice and assistance in the selection and oversight of Memorial Hermann's investments. Memorial Hermann further admits that, in the course of performing its contractual obligations to monitor Memorial Hermann's investments and provide investment advice, Cambridge received and transmitted information relating to Memorial Hermann's investments. However, on these established facts, the existence and scope of an agency relationship is a legal conclusion, which is not the proper subject of an admission. Accordingly, Memorial Hermann cannot "admit" that Cambridge was retained to serve as its "agent."**

Plaintiffs further request all such additional relief to which they may be entitled.

AUS:0017275/00023:446184v1

Respectfully submitted,

By: *Charles R. Parker* / by /s/ *[signature]*
Charles R. Parker                    w/ permission
cparker@lockelord.com
Southern District of Texas No. 2314
State Bar No. 15479500
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis, Suite 3400
Houston, Texas  77002-3095
Telephone:  (713) 226-1469
Facsimile:  (713) 229-2632

**ATTORNEY-IN-CHARGE FOR MEMORIAL HERMANN**

*Admitted Pro Hac Vice*

**OF COUNSEL:**

LOCKE LORD BISSELL & LIDDELL LLP
  Jay G. Safer (JS-4609)
  jsafer@lockelord.com
3 World Financial Center, 20th Floor
New York, New York 10281-2101
Telephone: (212) 812-8305
Facsimile: (212) 812-8365

LOCKE LORD BISSELL & LIDDELL LLP
  John R. Nelson
  jnelson@lockelord.com
  Southern District of Texas No. 32683
  State Bar No. 00797144
  Susan A. Kidwell
  skidwell@lockelord.com
  Southern District of Texas No. 631211
  State Bar No. 24032626
100 Congress, Suite 300
Austin, Texas 78701-4042
Telephone: (512) 305-4868
Facsimile: (512) 305-4800

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically served on all counsel of record on the 13th day of October, 2010.

_____
John R. Nelson

AUS:0017275/00023:446184v1