UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | § § § § | |
| | § | 1:08-md-01945-RJH |
| This Document Relates To: | § § | |
| | § | |
| MEMORIAL HERMANN HEALTHCARE SYSTEM and THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD. | § § § § | |
| | § | 1:08-cv-05440-RJH |
| Plaintiffs, | § § | |
| | § | |
| v. | § § | |
| STATE STREET BANK AND TRUST COMPANY | § § § | |
| | § | |
| Defendant. | § § | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISREGARD NEW ARGUMENTS RAISED IN REPLY BRIEF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Memorial Hermann Healthcare System and The Health Professionals Insurance

Company, Ltd. file this Reply in Support of their Motion to Disregard New Arguments Raised in

Reply Brief or, alternatively, for Leave to File Sur-Reply,[1] and in support, respectfully show the

Court as follows:

---

[1] Plaintiffs' motion and supporting memorandum are Docs. 104 and 105. State Street's response is Doc. 111. All "Doc." numbers refer to items on file in case no. 1:08-cv-5440. Page references are to the page numbers electronically stamped at the top of each document.

AUS:0017275/00023:446771v1

1.     **State Street's newly raised "no evidence" arguments are moot.**

State Street acknowledges that, because reliance and scienter are not elements of a Texas Securities Act claim, the addition of Plaintiffs' TSA claim in their Fourth Amended Complaint precludes summary judgment on two "no evidence" grounds that were first raised in State Street's reply brief. (*See* Doc. 111 at 3 n.1.) Because State Street's newly raised "no evidence" arguments are now moot, State Street's opposition to Plaintiffs' motion to disregard focuses solely on trying to show that its agency/imputed knowledge argument was "unambiguously presented" in its opening brief.

2.     **State Street's opening brief uses the word "agent" twice but contains no legal arguments based on agency or imputed knowledge.**

In marked contrast to its reply brief, State Street's opening brief contains *no* legal arguments or authorities that expressly raise issues of agency or imputed knowledge. (*Compare* Doc. 78, *with* Doc. 100 at 10-11.)  Instead, State Street's assertions that its agency/imputed knowledge argument "was prominently featured" and "unambiguously presented" its opening brief is based on two uses of the word "agent" as well as several representations that State Street provided information to Memorial Hermann "through its advisor." (*See* Doc. 111 at 2-3.) But none of the references cited in State Street's response amount to a legal argument based on agency or imputed knowledge.

State Street's isolated use of the word "agent" has no apparent legal significance:

- In the "Background" section, the word "agent" appears in a footnote to describe "Memorial Hermann's *investment advisor*, Ernest Liebre of Cambridge Financial Services." (Doc. 78 at 8.) The footnote simply provides additional information about Liebre: "Mr. Liebre, whom Memorial Hermann admits was its *agent*, has over 25 years of experience in financial advisory services." (*Id.*, n.4.)

- State Street uses the word "agent" for a second and final time in the context of its argument that "*Memorial Hermann's* informed decision not to redeem out of LDBF at the end of July 2007 reflects a failure to mitigate damages." (*See id.* at 18.) Although

2

State Street writes that, "[o]n July 27, 2007, Memorial Hermann's *agent*, Mr. Liebre, was informed by State Street that LDBF had underperformed," immediately thereafter, State Street acknowledges that it needed "Memorial Hermann's direct authorization" to redeem Memorial Hermann out of the Fund. (*Id*.) The concept of agency thus appears immaterial to State Street's "failure to redeem" argument.

As previously explained, transmitting information through an intermediary is not, by itself, sufficient to establish an agency relationship. (*See* Doc. 114 at 3-4.) Thus, neither State Street's use of the word "agent" nor its references to information being conveyed "through [Memorial Hermann's] advisor" expressly raise legal arguments based on agency or imputed knowledge.

Nor may such arguments be implied from the legal argument that *is* actually raised in State Street's opening brief. There, State Street argues that *Memorial Hermann* made an "informed decision" not to redeem. (*See* Doc. 78 at 15-22.) State Street's opening argument thus focuses on what information *Memorial Hermann* received from State Street (through Liebre) and how *Memorial Hermann* responded to that information. (*See id*.) In contrast, State Street's reply brief assumes that information provided to Liebre was imputed to Memorial Hermann. (Doc. 100 at 10-11.) If State Street's opening brief were premised on that assumption, there would have been no need for State Street to engage in extensive discussions about how information was transmitted from Liebre to Memorial Hermann. (*See* Doc. 78 at 10-13, 18-22.) Those discussions thus confirm that State Street's agency/imputed knowledge argument is inconsistent with – and not impliedly raised in – State Street's opening brief.

3.    **State Street's belated arguments based on agency/imputed knowledge are immaterial.**

It is undisputed that Memorial Hermann received information from State Street both directly, and indirectly, through Cambridge. But that fact does not entitle State Street to summary judgment, as State Street wrongly assumes.

AUS:0017275/00023:446771v1

As explained in Memorial Hermann's response to State Street's motion, the information State Street provided to Cambridge was wholly insufficient to establish as a matter of law that Memorial Hermann's duty to mitigate was triggered on July 27, 2007. (*See* Doc. 85 at 11-15.) Moreover, even assuming that Memorial Hermann's duty to mitigate was triggered in late July, fact issues about whether Memorial Hermann's response to the information provided was "reasonable under the circumstances" must be decided by a jury. (*Id.* at 15-16.) State Street's argument based on agency/imputed knowledge is not only belated, it is immaterial.

## PRAYER

State Street's response confirms that the Court may disregard State Street's "no evidence" arguments for summary judgment that were first raised in State Street's reply brief. And State Street's inability to show that its agency/imputed knowledge argument was presented in its opening brief – or is in any way material to State Street's arguments for summary judgment – confirms that State Street's agency/imputed knowledge argument may also be disregarded.

Plaintiffs Memorial Hermann Healthcare System and The Health Professionals Insurance Company, Ltd. thus reiterate their opening prayer that the Court grant their Motion and disregard the new arguments for summary judgment that State Street first raised in its reply brief. Alternatively, if the Court decides to consider such arguments, Plaintiffs pray that the Court will grant them leave to file a sur-reply to explain why State Street's new arguments also fail. Plaintiffs further request all such additional relief to which they may be entitled.

AUS:0017275/00023:446771v1

Respectfully submitted,

By: _Charles R. Parker / by Xerule_
w/permission

Charles R. Parker
cparker@lockelord.com
Southern District of Texas No. 2314
State Bar No. 15479500
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis, Suite 3400
Houston, Texas  77002-3095
Telephone:  (713) 226-1469
Facsimile:  (713) 229-2632

**ATTORNEY-IN-CHARGE FOR
MEMORIAL HERMANN**

*Admitted Pro Hac Vice*

**OF COUNSEL:**

LOCKE LORD BISSELL & LIDDELL LLP
  Jay G. Safer (JS-4609)
  jsafer@lockelord.com
3 World Financial Center, 20ᵗʰ Floor
New York, New York 10281-2101
Telephone: (212) 812-8305
Facsimile: (212) 812-8365

LOCKE LORD BISSELL & LIDDELL LLP
  John R. Nelson
  jnelson@lockelord.com
  Southern District of Texas No. 32683
  State Bar No. 00797144
  Susan A. Kidwell
  skidwell@lockelord.com
  Southern District of Texas No. 631211
  State Bar No. 24032626
100 Congress, Suite 300
Austin, Texas 78701-4042
Telephone: (512) 305-4868
Facsimile: (512) 305-4800

*Admitted Pro Hac Vice*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically served on all counsel of record on the 14th day of October, 2010.

John R. Nelson

AUS:0017275/00023:446771v1