UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

IN RE STATE STREET BANK AND
TRUST CO. FIXED INCOME FUNDS            MDL No. 1945
INVESTMENT LITIGATION

---

MEMORIAL HERMANN HEALTHCARE
SYSTEM AND THE HEALTH
PROFESSIONALS INSURANCE COMPANY,
LTD.,

    Plaintiffs,                              No. 08 Civ. 5440 (RJH)

v.

STATE STREET BANK & TRUST
COMPANY,

    Defendant.

---

**STATE STREET'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendant State Street Bank and Trust Company ("State Street") respectfully submits this memorandum in support of its Motion to Strike the Fourth Amended Complaint ("FAC") filed by Plaintiffs Memorial Hermann Healthcare System ("MHHS") and the Health Professionals Insurance Company, Ltd. ("HePIC") (collectively, "Memorial Hermann").

## PRELIMINARY STATEMENT

On January 27, 2010, Memorial Hermann filed a Motion for Leave to File Third Amended Complaint and attached a proposed Third Amended Complaint that added a pre-contractual claim under the Texas Securities Act ("TSA") and eliminated claims for fraud, breach of contract, and breach of trust.[1]  In response to State Street's argument that the proposed Third Amended Complaint failed to meet the standards of Fed. R. Civ. P. 9(b), Memorial Hermann then submitted a proposed Fourth Amended Complaint ("PFAC") for the Court's approval.[2]  The Court subsequently granted Memorial Hermann's motion to amend to add the TSA count, noting that "the elements of the proposed TSA claim overlap in all relevant respects with the elements of the pre-contractual claims."[3]  Memorial Hermann, however, did not file either of the proposed complaints submitted to the Court, but instead filed a new complaint that materially altered the underlying allegations of its claims.  Accordingly, State Street now moves pursuant to Fed. R. Civ. P. 15(a) to strike the unauthorized amendments in paragraphs 23, 26, 28, 40, 41, and 48 contained in Memorial Hermann's FAC that were made without leave of Court, or, in the alternative, respectfully requests that the Court instruct Memorial Hermann to file the

---

[1] (Doc. No. 46, Ex. 1 in 08-cv-05440).

[2] (Doc. No. 55, Ex. 1 in 08-cv-05440).

[3] *See* Mem. Op. and Order at 2, dated Sept. 17, 2010 (the "Order") (Doc. No. 103 in 08-cv-05440).

PFAC that it submitted to the Court pursuant to Rule 15(a) in requesting leave to amend, and which the Court approved in granting Memorial Hermann's motion. *See* Order at 4.

The reason for Memorial Hermann's submission of a new version of its amended complaint is simply that the PFAC approved for filing by the Court continues to admit in several places that Cambridge Financial was its agent. Indeed, during briefing on State Street's Motion for Summary Judgment, Memorial Hermann unequivocally admitted that Cambridge Financial Services ("Cambridge Financial") was its agent.[4] Since the close of summary judgment briefing, however, Memorial Hermann has moved to withdraw this admission.[5] After initially arguing that the agency admission was "unintentional and inadvertent,"[6] Memorial Hermann now apparently concedes, as it must, that this was not an isolated admission, but rather one that had been consistently asserted throughout the litigation – including in its PFAC submitted to the Court for allowance, and all prior versions of its Complaint.[7]

Now recognizing that the admissions in the PFAC approved by the Court are at war with its pending Motion to Withdraw, Memorial Hermann has engaged in an improper course of attempted self-help by filing a new FAC that deletes all prior references to the agency relationship from the PFAC that the Court allowed. Instead of filing the version of the complaint considered and approved by the Court – as required by the rules – and then waiting for the Court to rule on its Motion to Withdraw (which, respectfully, the Court should deny), Memorial

---

[4] Pls.' Resp. to Def.'s R. 56.1 Stmt. of Facts at 2, filed July 19, 2010 (Doc. No. 87 in 08-cv-05440).

[5] *See* Pls.' Mot. to Amend Resp. to R. 56.1 Stmt. of Facts, filed Sept. 14 2010 (Doc. No. 101 in 08-cv-05440) (hereinafter, the "Motion to Withdraw").

[6] Pls.' Br. in Supp. of Mot. to Amend Resp. to R. 56.1 Stmt. of Facts at 2, filed Sept. 14, 2010 (Doc. No. 102 in 08-cv-05440).

2

Hermann attempts to decide the issue itself by altering the PFAC that the Court allowed to be filed.[8] In doing so, Memorial Hermann materially altered the underlying allegations of the proposed complaint approved by the Court. Accordingly, because Memorial Hermann amended its complaint beyond the scope permitted by the Court, its new amendments violate Fed. R. Civ. P. 15(a) and should not be permitted.[9]

## ARGUMENT

A plaintiff seeking leave to file an amended complaint must provide "a complete copy of the proposed amended complaint . . . so that both the Court and opposing parties can understand the exact changes sought." *Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y. 1993); *see also Go v. Rockefeller Univ.*, Nos. 04 Civ. 4008, 06 Civ. 1825, 2008 WL 619039, at *4 (S.D.N.Y. Mar. 6, 2008) (same). Absent the proposed amendments, neither the opposing party nor the Court is able to effectively assess the nature of the new allegations and evaluate their impact. *See Santiago v. Steinhart*, No. 89 CIV 2069, 1993 WL 106302, at *4 (S.D.N.Y. Apr. 5, 1993) (denying motion to amend where plaintiff failed to file a proposed amendment at the time of its motion because the court had "little basis for assessing the exact nature of the new claim and evaluating its potential

---

[7] *See* Pls.' Reply in Supp. of Mot. to Amend Resp. to R. 56.1 Stmt. of Facts at 4, filed Oct. 13, 2010 (Doc. No. 114 in 08-cv-05440) ("It is undisputed that, in various pleadings, Memorial Hermann has alleged that Cambridge was Memorial Hermann's 'agent.'").

[8] Thus, in considering Memorial Hermann's Motion to Withdraw, State Street respectfully requests that the Court consider the allegations of the PFAC, as opposed to those in the FAC.

[9] Even if Memorial Hermann's self-help tactic were permissible, the attempt is still futile for two reasons: first, Memorial Hermann and its witnesses have admitted in numerous other contexts that Cambridge Financial was its agent; and second, the underlying facts amply confirm this admission. *See* Def.'s Opp. to Pls.' Mot. to Amend Resp. to R. 56.1 Stmt. of Facts at 7-11, filed Oct. 1, 2010 (Doc. No. 109 in 08-cv-05440). Indeed, it is hard to understand why Memorial Hermann thinks that by simply unilaterally deleting these concessions in its FAC, it can now successfully claim that it was not put on notice of the problems in the Fund on July 27, 2007, when State Street called its investment advisor and laid out chapter and verse the reasons for immediately redeeming.

3

impact"). Accordingly, upon a court granting leave to amend, the proposed amended complaint effectively converts into the operative complaint. *See Bogdan v. Housing Auth. of the City of Winston-Salem*, No. 05 CV 568, 2006 WL 3848693, at *3 (M.D.N.C. Dec. 29, 2006) ("As a matter of course, the proposed amended complaint becomes the official amended complaint once the court grants a party's motion. Courts follow this unwritten rule because the proposed amended complaint is the document that the court implicitly approved under its discretionary powers."). It is completely inappropriate to file an amended complaint that materially differs from the proposed amended complaint. *See id.* (finding a violation of Rule 15 where plaintiff failed to file the exact proposed amended complaint, as "[a]llowing parties to file amended documents that are not identical in all material aspects goes against the spirit and purpose of Rule 15 and undermines a court's discretion").

In seeking leave to amend, Memorial Hermann submitted two proposed amended complaints for the Court's review – both by admitting the Cambridge Financial agency in several places. Once leave was granted, however, Memorial Hermann filed a complaint materially different from both of the proposed complaints previously considered and approved by the Court. As a result, the following material amendments were made in the FAC, without leave of or permission from the Court:

| Allegations in Proposed<br>Fourth Amended Complaint[10] | Allegations in<br>Fourth Amended Complaint |
|---|---|
| ¶ 24: "Moreover, State Street's oral comments, Fact Sheet, written presentations, 'Agreement of Trust,' and 'Fund Declaration' told Memorial Hermann ***and Cambridge (in Cambridge's capacity as Memorial Hermann's agent)*** that LDBF's investment | ¶ 23: "Moreover, State Street's oral comments, Fact Sheet, written presentations, 'Agreement of Trust,' and 'Fund Declaration' ***told Memorial Hermann*** that the LDBF's investment objective was to maximize income . . . ." |

---

[10] The allegations contained in the proposed Third Amended Complaint are substantively identical on this issue to those in the PFAC. *See* ¶¶ 8, 18, 25, 26.

4

objective was to maximize income . . . ."

| | |
|---|---|
| ¶ 27: "State Street continued to hide LDBF's use of leverage, *even when Lenore Palmer of Cambridge, on Memorial Hermann's behalf, specifically asked* whether the Fund used leverage." | ¶ 26: "State Street continued to conceal LDBF's use of leverage, *even when specifically asked* whether the Fund used leverage." |
| ¶ 29: "In May 2007, Kimberly Jones of *State Street informed Liebre* [of Cambridge Financial] of an underperformance in the Fund, representing that the underperformance was caused by 'modest exposure' to the triple B ABS market." | ¶ 28: "In May 2007, Kimberly Jones of *State Street informed Plaintiffs* of an underperformance in the Fund, representing that the underperformance was caused by 'modest exposure' to the triple B ABS market." |
| ¶ 41: "Without limitation, State Street made at least the following material representations to Memorial Hermann and HePIC **(and to their agent, Cambridge Financial Services, Inc.)** . . . ." | ¶ 40: "Without limitation, State Street made the following material representations *to Plaintiffs . . . ."* |
| ¶ 42: "State Street made these material misrepresentations to Memorial Hermann and HePIC *(and to their agent, Cambridge Financial Services, Inc.)* . . . ." | ¶ 41: "State Street made these material misrepresentations *to Plaintiffs* . . . ." |
| ¶ 49: "In the course of its business dealings with Memorial Hermann and HePIC, State Street made many representations about the Fund to Memorial Hermann, HePIC, *and Cambridge in its capacity as Plaintiffs' agent.*" [11] | ¶ 48: "In the course of its business dealings *with Plaintiffs*, State Street made many misrepresentations about the Fund." |

But Memorial Hermann was not permitted "to file any old amended complaint that it wished to file." *Dover v. Steel Co. v. Harftord Accident & Indem. Co.*, 151 F.R.D. 570, 574-75 (E.D. Pa. 1993) (rejecting plaintiffs' argument that the Court's grant of leave to file "an" amended complaint gave plaintiffs permission to file complaint that was materially different from the one it submitted with its motion to amend, and imposing Rule 11 sanctions for so doing). If a plaintiff files a different complaint than the one it submitted in seeking leave to

5

amend, then the purpose behind Rule 15(a) is completely undermined. *See id.* at 574 (stating that plaintiff's failure to file the proposed complaint allowed by the Court "worked to nullify the prophylactic benefit of submitting *the* actual proposed amended complaint for the Court to consider"). Memorial Hermann's actions are particularly inappropriate, given that its post hac changes to the Court-approved pleading are transparently designed to declare victory for itself on a hotly contested issue pending before the Court – *i.e.*, whether Memorial Hermann will be allowed to walk away from its repeated admissions that Cambridge Financial acted as its agent.[12] The Rules do not authorize this form of self-help.

Here, neither State Street nor the Court was given notice of the additional amendments that appear in Memorial Hermann's FAC. As a result, not only did Memorial Hermann deny State Street the opportunity to address all of its intended amendments in opposing Memorial Hermann's request to amend, but it circumvented the Court's authority to consider them as well.[13] Accordingly, because Memorial Hermann amended its complaint beyond the scope permitted by the Court, its new amendments violate Fed. R. Civ. P. 15(a). The unauthorized deletions of Memorial Hermann's agency admissions should not be allowed, or alternatively, the PFAC should be adopted as the operative complaint.

---

[11] Emphasis added throughout to highlight the differences between the PFAC and the FAC.

[12] As discussed in State Street's Opposition to Memorial Hermann's Motion to Withdraw, Memorial Hermann's agency admission is a highly material fact that was highlighted throughout State Street's motion for summary judgment. *See* Doc. No. 109 at 14-15.

[13] In granting Memorial Hermann leave to amend, the Court recognized that although Memorial Hermann's proposed amendments "slightly amplifie[d]" some of its pre-contractual misrepresentation allegations, the "main innovation [was] to change the formal causes of action, not the underlying allegations." Order at 1. Memorial Hermann's new amendments, however, substantially impact not only its pre-contractual misrepresentation claims, but also its post-contractual claim for breach of fiduciary duty and State Street's mitigation and causation defenses to that claim. *See* Def.'s Opp. to Pls.' Mot. to Am. Resp. to R. 56.1 Stmt. of Facts at 13-15.

## **CONCLUSION**

For the reasons set forth herein, State Street respectfully requests that the Court grant its Motion to Strike the amendments in paragraphs 23, 26, 28, 40, 41, and 48 in Memorial Hermann's Fourth Amended Complaint.

Dated: October 15, 2010                    ROPES & GRAY LLP


                                           By: /s/ Harvey J. Wolkoff
                                           Harvey J. Wolkoff
                                           Robert A. Skinner
                                           Prudential Tower
                                           800 Boylston Street
                                           Boston, MA  02199
                                           Tel: (617) 951-7000
                                           Fax: (617) 951-7050
                                           harvey.wolkoff@ropesgray.com
                                           robert.skinner@ropesgray.com
                                           *Attorneys for Defendant State Street Bank and Trust Company*

CERTIFICATE OF SERVICE

    I hereby certify that on October 15, 2010, I caused a true and correct copy of the foregoing document to be served upon the all counsel of record via the ECF system.

/s/ Allison M. Boscarine
Allison M. Boscarine