UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
IN RE STATE STREET BANK AND          :
TRUST CO. FIXED INCOME FUNDS         :   MDL No. 1945
INVESTMENT LITIGATION                :
------------------------------------- x
NING YU, On Behalf of Himself and All :
Others Similarly Situated,            :
                                      :
                    Plaintiff,        :   No. 08 Civ. 8235 (RJH)
                                      :
     v.                               :   **ECF CASE**
                                      :
STATE STREET CORPORATION, STATE       :   **Electronically Filed**
STREET GLOBAL ADVISORS, LYNN L.       :
ANDERSON, STEVEN J. MASTROVICH,       :
WILLIAM L. MARSHALL, PATRICK J.       :
RILEY, BRUCE D. TABER, RICHARD D.     :
SHIRK, HENRY W. TODD, MARK E.         :
SWANSON, and PETER G. LEAHY,          :
                                      :
                    Defendants.       :
------------------------------------- x

## INDEPENDENT TRUSTEES' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

> Thomas J. Dougherty
> Michael S. Hines
> SKADDEN, ARPS, SLATE,
>    MEAGHER & FLOM LLP
> Four Times Square
> New York, New York 10036
> (212) 735-3000
>
> -- and --
>
> One Beacon Street
> Boston, Massachusetts 02108
> (617) 573-4800
>
> Counsel for Defendants
> Independent Trustees

Dated: October 15, 2010

Plaintiff's lengthy opposition only directly addresses the Independent Trustees' arguments at three points -- pages 12-13 (concerning the Fund's SAI's definition of "diversified"); page 16 (concerning "high-quality" securities); and pages 21-22 (concerning Plaintiff's Section 12(a)(2) claim).  The Independent Trustees reply as follows:

### 1.     Plaintiff's Allegation Concerning A "Diversified Portfolio Of High-Quality" Securities  Does Not State A Claim

Plaintiff now argues that the definition of "diversified" in the Fund's SAI does not apply to the Fund's investment objective of a "diversified portfolio" purportedly because the term "diversified portfolio," as used in the Fund's investment objective, "clearly" and "undoubtedly" has a different meaning than the SAI's definition of "diversified."  (Opp. at 12-13.)  According to Plaintiff, a diversified portfolio means "investing in a wide variety of opportunities for the purposes of reducing risk of large losses by investing in a single security or individual industry."  (Id. at 13.)  However, neither the Fund's Prospectus nor the SAI contain such a statement.  Instead, the SAI unambiguously and explicitly states the meaning of "diversified," as it applies to the Fund's portfolio:  "at least 75% of the value of its total assets is represented by cash and cash items (including receivables), Government securities, securities of other investment companies, and other securities of any single issuer limited to 5% or less of [a fund's] total assets, and to not more than 10% of the outstanding voting securities of such issuer."  (SAI at 3.)  Even in opposition, Plaintiff does not contend that the Fund was not diversified pursuant to the SAI's definition.[1]

---

[1]     Plaintiff's citation to In the Matter of Piper Cap. Mgmt., Inc., S.E.C. Release No. 175, 2000 WL 1759455, Nov. 30, 2000) is unavailing, because in that case, and unlike here, the challenged disclosures did not define the term "diversified."

This diversified portfolio (as so defined) contained "high-quality" securities (as also explicitly defined).  As the Court observed in its Memorandum And Opinion dated February 22, 2010 (Docket No. 57), the Fund's prospectuses "employed the term 'high-quality' specifically to describe the relative credit grade of the Fund's holdings." (Docket No. 57 at 11.)  The Court further observed that the Fund's prospectuses defined investment grade securities as "securities rated in one of the four highest categories by a national ratings agency," which the Fund's offering materials confirmed were "rated 'AAA' or 'AA' by Standard & Poor's, and that every security in the portfolio received at least an 'A' rating." (Id.)  Plaintiff does not argue that the Fund's securities were not investment grade as defined in the Fund's offering documents.  Instead, Plaintiff claims that by the middle of 2007, ratings associated with mortgage-related securities were "not indicative of their quality" and those securities were "deteriorating, unstable, and generally risky." (SAC ¶¶ 137-38.)  Those hindsight allegations do not state a claim of material misrepresentation.  As the Court observed in its February 22 Opinion, the "accuracy of offering documents must be assessed in light of information available at the time they were published." (Docket No. 57 at 13.)  There is simply no allegation that the Fund's securities were not rated investment grade at the time.

The Independent Trustees submit that dismissal of this allegation is fundamental to the fair and proper framing of this case going forward.

  **2. Plaintiff Does Not State A Section 12(a)(2) <u>Claim Against The Independent Trustees</u>**

Regarding the Section 12(a)(2) claim asserted against the Independent Trustees, Plaintiff argues that the Second Amended Complaint adequately alleges "active solicitation" of Fund securities because it conclusorily alleges that the Independent Trustees:

2

(i) "were sellers and offerors and/or solicitors of purchases of the shares of the" Fund (SAC ¶ 175);

(ii) "participat[ed] in the preparation" of the Fund's offering documents (id. ¶ 176); and

(iii) were responsible for "overseeing generally the management, activities and affairs of each fund" (id. at 22).

However, mere allegations of "participating" in preparation of offering materials is insufficient as a matter of law to state a Section 12(a)(2) claim.  See In re Harmonic, Inc., Sec. Litig., No. 00-2287, 2006 WL 3591148, at *13 (N.D. Cal. Dec. 11, 2006) (dismissing Section 12(a)(2) claim and holding that allegations of participating in the drafting of and signing prospectuses do not state a claim pursuant to Section 12(a)(2)).  Furthermore, those allegations are conclusions, not facts, which fall far short of satisfying Plaintiff's pleading burden.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (observing that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).

For the foregoing reasons, and for the reasons set forth in the Independent Trustees' moving brief (Docket No. 79), the Independent Trustees' motion should be granted.

3

Dated: October 15, 2010         Respectfully submitted,
       New York, New York

                                              /s/ Thomas J. Dougherty
                                              Thomas J. Dougherty
                                              Michael S. Hines
                                              SKADDEN, ARPS, SLATE,
                                                   MEAGHER & FLOM LLP
                                              Four Times Square
                                              New York, New York 10036
                                              (212) 735-3000
                                              dougherty@skadden.com
                                              peter.simshauser@skadden.com
                                              michael.hines@skadden.com

                                              -- and --

                                              One Beacon Street
                                              Boston, Massachusetts 02108
                                              (617) 573-4800

                                              Counsel for Defendants
                                              Independent Trustees

## **CERTIFICATE OF SERVICE**

        I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as indicated on the Notice of Electronic Filing. I further certify that on October 15, 2010, I caused a true copy of the foregoing document to be served by first class mail, postage prepaid upon the following counsel:

        Robert J. Dyer III
        DYER & BERENS LLP
        682 Grant Street
        Denver, CO  80203


Dated: October 15, 2010         /s/ Thomas J. Dougherty
                                              Thomas J. Dougherty