UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | § § § § | 1:08-md-01945-RJH |
| This Document Relates To: | § § | |
| MEMORIAL HERMANN HEALTHCARE SYSTEM and THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD. | § § § § § | |
| Plaintiffs, | § § | 1:08-cv-05440-RJH |
| v. | § § | |
| STATE STREET BANK AND TRUST COMPANY | § § § § | |
| Defendant. | § § § | |

## PLAINTIFFS' RESPONSE TO STATE STREET'S MOTION TO STRIKE PLAINTIFFS' FOURTH AMENDED COMPLAINT

Plaintiffs Memorial Hermann Healthcare System and The Health Professionals Insurance Company, Ltd. file this Response to State Street's Motion to Strike Plaintiffs' Fourth Amended Complaint,[1] and in support, respectfully show the Court as follows:

### SUMMARY STATEMENT

Although Plaintiffs' Fourth Amended Complaint is not exactly the same as either of the proposed complaints submitted with its motion for leave, none of the differences alter the proposed causes of action or otherwise affect the *substance* of Plaintiffs' claims. Consequently,

---

[1] State Street's motion and supporting memorandum are Docs. 117 and 118. All "Doc." numbers refer to items on file in case no. 1:08-cv-5440. Page references are to the page numbers electronically stamped at the top of each document.

1

AUS:0017275/00023:447105v1

State Street cannot show that the modifications to the amended complaint will result in any prejudice. Under these circumstances, State Street's motion to strike Plaintiffs' Fourth Amended Complaint should be denied.

### ARGUMENT IN OPPOSITION TO STATE STREET'S MOTION

**1.      The Rules do not require Plaintiffs to file the "exact proposed amended complaint."**

In ruling on a motion to strike an amended pleading, this Court considers whether the movant has "demonstrated any prejudice they would suffer as a result of the amended pleading." *Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Publishing Inc.*, 49 F. Supp. 2d 673, 682 (S.D.N.Y. 1999). Because minor changes to a pleading do not result in any prejudice, neither "the rules" nor an "unwritten rule" required Plaintiffs to file the exact complaint that was attached to their motion for leave, as State Street incorrectly asserts. (*See* Doc. 118 at 3, 5.) Instead, a plaintiff granted leave to amend its complaint may file a version that differs from the proposed complaint as long as the differences do not "alter the substance of the complaint." *See Tuff-N-Rumble*, 49 F. Supp. 2d at 682; *see also Samuel v. Rose's Stores, Inc.*, 907 F. Supp. 159, 162 (E.D. Va. 1995) (denying motion to strike amended complaint because "the changes in the complaint do not affect the substance of the claims").[2]

For example, after receiving leave to amend, a plaintiff may alter its proposed complaint by expanding upon the facts, clarifying the legal status of entities, or even altering the relief sought. *See Tuff-N-Rumble*, 49 F. Supp. 2d at 682. Those types of changes are permitted because they do not "alter the substance of the complaint." *See id.* However, a plaintiff may not file a "substantially different" complaint that (i) adds new causes of action, (ii) names an

---

[2] State Street's argument that a plaintiff violates Rule 15 by "fail[ing] to file the exact proposed amended complaint" is based on an unpublished case from the Middle District of North Carolina. (*See* Doc. 118 at 5 (citing *Bogdan v. Hous. Auth. of the City of Winston-Salem*, No. 1:05-CV-00568, 2006 WL 3848693, at *3 (M.D.N.C. Dec. 29, 2006).) However, even *Bogdan* recognizes that "the same" complaint means a complaint that is "identical in all *material* aspects." *Bogdan*, 2006 WL 3848693, at *3 (emphasis added).

additional defendant, (iii) expands the time frame of the action, or (iv) injects new theories of liability into the case. *See Dover Steel Co. v. The Hartford Accident & Indem. Co.*, 151 F.R.D. 570, 573-74 (E.D. Pa. 1993). Those are the types of material and substantive changes that may justify striking an amended pleading. *See id.*; *see also Slane v. Emoto, I.H.M. Co.*, 582 F. Supp. 2d 1067, 1087-88 (W.D. Wisc. 2008) (striking amended complaint that added "an entirely new cause of action"). Plaintiffs' Fourth Amended Complaint does none of those things.

In short, Plaintiffs' Fourth Amended Complaint cannot be stricken simply because it is *different* from the proposed complaints submitted in support of Plaintiffs' motion for leave. State Street's motion to strike had to show that the changes made to the proposed complaint are material enough to cause prejudice. *See Tuff-N-Rumble*, 49 F. Supp. 2d at 682. For the following reasons, State Street has failed to carry its burden.

**2.     The additional amendments do not alter the substance of Plaintiffs' claims.**

State Street's motion is premised on the assumption that Plaintiffs "materially altered" their complaint. (*See* Doc. 118 at 2, 4.) However, a closer examination of the modifications at issue (*id.* at 5-6) proves otherwise.

   ***a.     Amendments relating to pre-contractual conduct.***

Most of the modifications that State Street has moved to strike relate to Plaintiffs' pre-contractual claims. (*See* Doc. 118 at 5-6, changes to new ¶¶ 23, 40, 41 & 48.) Plainly, Plaintiffs' modifications to those paragraphs do not add causes of action. Rather, they convert allegations that State Street made misrepresentations to "*Memorial Hermann and HePIC (and to their agent, Cambridge Financial Services, Inc.)*" into allegations that State Street made misrepresentations to "*Memorial Hermann*" (¶ 23) or "*Plaintiffs*" (¶¶ 40, 41 & 48). Those alterations merely clarify Plaintiffs' complaint in three respects:

3

AUS:0017275/00023:447105v1

First, the Proposed Amended Complaint used the term "Memorial Hermann" to refer *both* to Plaintiff Memorial Hermann Healthcare System *and* to Plaintiffs Memorial Hermann and HePIC. But because Memorial Hermann first invested in the Limited Duration Bond Fund in January 2005, and HePIC first invested in September 2005, using "Memorial Hermann" to refer to both plaintiffs was potentially confusing. To avoid that confusion, the Fourth Amended Complaint uses "Memorial Hermann" when referring to Memorial Hermann Healthcare System and uses "Plaintiffs" when referring to Memorial Hermann and HePIC collectively. Replacing references to "Memorial Hermann and HePIC" with references to "Plaintiffs" is not the type of "material alteration" that would justify striking the complaint. *See Tuff-N-Rumble*, 49 F. Supp. 2d at 682.

Second, as highlighted in State Street's brief, the Proposed Amended Complaint contained four allegations that State Street made pre-contractual misrepresentations to Plaintiffs *and* to Cambridge, in its capacity as Plaintiffs' agent. (Doc. 118 at 5-6, old ¶¶ 24, 41, 42 & 49.) However, as this Court has recognized, Plaintiffs' pre-contractual claims are based on misrepresentations that State Street made to *Plaintiffs*, to induce *Plaintiffs* to enter into the Agreements of Trust. (*See* Doc. 103 at 1.) Whether those misrepresentations were *also* made to Cambridge (in whatever capacity) does not alter the substance of Plaintiffs' complaint. Accordingly, removing references to Cambridge is not a "material alteration." *See Tuff-N-Rumble*, 49 F. Supp. 2d at 682.

Third, by removing immaterial references to Cambridge, Plaintiffs also eliminated parenthetical descriptions of Cambridge as "Memorial Hermann's agent." Those descriptions were unnecessarily confusing because the word "agent" is "widely used . . . to characterize

4

relationships that are not necessarily encompassed by the legal definition of agency." RESTATEMENT (3D) OF AGENCY § 1.01, cmt. b.

Plaintiffs have never alleged that Cambridge was authorized to make binding investment decisions on Plaintiffs' behalf. Indeed, because it is undisputed that Cambridge *lacked* authority to make investment decisions for Plaintiffs,[3] Plaintiffs could not have been using the word "agent" to suggest that Cambridge had authority to act for Plaintiffs with respect to investment decisions.

As recent briefing indicates, the parties disagree about whether the fact that State Street communicated with Plaintiffs *through* Cambridge supports a legal conclusion that Cambridge was Plaintiffs' "agent" in the narrower sense of someone who received and transmitted information. (*Compare* Doc. 109 *with* Doc. 114.) However, because Plaintiffs' pre-contractual claims focus on misrepresentations made to *Plaintiffs*, that dispute is irrelevant to the substance of the claims alleged in Plaintiffs' complaint. Because removing the irrelevant and potentially confusing description of Cambridge as Plaintiffs' "agent" does not change the substance of Plaintiffs' claims, it is not the type of "material alteration" that could justify striking the complaint. *See Tuff-N-Rumble*, 49 F. Supp. 2d at 682.

    **b.**    ***Amendments relating to post-contractual conduct.***

Similarly, the modifications to the two paragraphs involving State Street's post-contractual conduct eliminate references to Cambridge. Instead, they now focus on what information State Street provided (or failed to provide) to *Plaintiffs*. (*See* Doc. 118 at 6, new ¶¶ 26 & 28.) Whether State Street provided (or failed to provide) information to Plaintiffs directly or indirectly is immaterial to Plaintiffs' post-contractual claims, which attack State Street's failure to provide truthful and complete information about the LDBF to Plaintiffs. Accordingly,

---

[3] *See* Doc. 106 at 6.)

5

the modifications to paragraphs 26 and 28 do not change the substance of the complaint and, therefore, are not "material alterations." See *Tuff-N-Rumble*, 49 F. Supp.2d at 673.

### 3. State Street has failed to demonstrate prejudice.

State Street's motion erroneously assumes that the modifications to Plaintiffs' complaint should be stricken because they are "additional amendments" that violate Rule 15(a). (Doc. 118 at 7.) Consequently, State Street makes little effort to demonstrate how it will be prejudiced by the modifications at issue. At most, it suggests that the amendments would resolve the "hotly contested issue" of whether Plaintiffs' may amend their response to State Street's Rule 56.1 statement of facts. (*Id.*) State Street is mistaken.

Under Local Rule 56.1, "material facts set forth in the statement required to be served by the moving party will be deemed to be admitted *for purposes of the motion* unless *specifically* controverted . . . by the opposing party." S.D.N.Y. LOC. CIV. R. 56.1(c). Even assuming that State Street's Rule 56.1 statement regarding agency is a "material fact,"[4] it would be deemed admitted only *for purposes of State Street's motion for summary judgment* regardless of whether Plaintiffs eliminate the word "agent" from their amended complaint. Thus, the amended complaint does not affect (much less resolve) Plaintiffs' pending motion to amend their Rule 56.1 response.

Nor do the modifications to the Fourth Amended Complaint affect the resolution of State Street's motion for summary judgment. Although State Street continues to assert that "Memorial Hermann's agency admission is a highly material fact that was highlighted throughout State Street's motion for summary judgment" (Doc. 118 at 7 n.12), State Street has yet to explain how that supposed "admission" is relevant to any of the grounds for summary judgment asserted in its

---

[4] As previously explained, the statement is an inaccurate legal conclusion that has no relevance to the grounds for summary judgment raised in State Street's moving papers. (*See* Doc. 114 at 2-4; Doc. 116 at 2-4.)

moving papers. It is not.[5] Consequently, State Street's "hotly contested issue" is really "much ado about nothing."

## PRAYER

FOR THESE REASONS, Plaintiffs Memorial Hermann Healthcare System and The Health Professionals Insurance Company, Ltd., pray that State Street's Motion to Strike Plaintiffs' Fourth Amended Complaint will be denied. Plaintiffs further request all such additional relief to which they may be entitled.

Respectfully submitted,

By: _Charles R. Parker/ by Yandle_  /permission
Charles R. Parker
cparker@lockelord.com
Southern District of Texas No. 2314
State Bar No. 15479500
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis, Suite 3400
Houston, Texas  77002-3095
Telephone:  (713) 226-1469
Facsimile:  (713) 229-2632

**ATTORNEY-IN-CHARGE FOR MEMORIAL HERMANN**

*Admitted Pro Hac Vice*

---

[5] The only possible relevance of Plaintiffs' statements regarding agency concerns the date on which Plaintiffs' duty to mitigate was even arguably triggered. State Street assumes that information provided to Cambridge on July 27, 2007, was sufficient to trigger that duty. (*See* Doc. 100 at 10.) Because that information, whatever it was, was not conveyed to Plaintiffs until July 31, whether Plaintiffs' duty was triggered on July 27 or July 31 would depend on whether Cambridge's knowledge is imputed to Plaintiffs. Regardless, fatal fact questions exist about what information was (and was not) provided to Cambridge, about whether the information provided was sufficient to trigger Plaintiffs' duty to mitigate, and if so, about whether Plaintiffs' response to that information was "reasonable under the circumstances." (*See* Doc. 85 at 11-15.) Those fact issues preclude summary judgment. The four day "advantage" State Street would gain if Cambridge's knowledge were imputed directly to Plaintiffs thus proves inconsequential.

OF COUNSEL:

LOCKE LORD BISSELL & LIDDELL LLP
  Jay G. Safer (JS-4609)
  jsafer@lockelord.com
3 World Financial Center, 20th Floor
New York, New York 10281-2101
Telephone: (212) 812-8305
Facsimile: (212) 812-8365

LOCKE LORD BISSELL & LIDDELL LLP
  John R. Nelson
  jnelson@lockelord.com
  Southern District of Texas No. 32683
  State Bar No. 00797144
  Susan A. Kidwell
  skidwell@lockelord.com
  Southern District of Texas No. 631211
  State Bar No. 24032626
100 Congress, Suite 300
Austin, Texas 78701-4042
Telephone: (512) 305-4868
Facsimile: (512) 305-4800

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was electronically served on all counsel of record on the 22nd day of October, 2010.

                                                                           /s/ John R. Nelson
                                                                           John R. Nelson