UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | MDL No. 1945 |
| MEMORIAL HERMANN HEALTHCARE SYSTEM AND THE HEALTH PROFESSIONALS INSURANCE COMPANY, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK & TRUST COMPANY, <br><br> Defendant. | No. 08 Civ. 5440 (RJH) |

**STATE STREET'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION TO STRIKE PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendant State Street Bank and Trust Company ("State Street") respectfully submits this memorandum in further support of its Motion to Strike the Fourth Amended Complaint ("FAC") filed by Plaintiffs Memorial Hermann Healthcare System ("MHHS") and the Health Professionals Insurance Company, Ltd. ("HePIC") (collectively, "Memorial Hermann").

## ARGUMENT

Since the outset of this litigation nearly three years ago, Memorial Hermann has repeatedly and unequivocally maintained that its investment advisor, Cambridge Financial Services ("Cambridge Financial"), was its agent.  In this respect, Memorial Hermann's proposed Fourth Amended Complaint ("PFAC") submitted with its motion for leave to amend was no different than any of its prior complaints:  Memorial Hermann admitted that Cambridge Financial was its agent, and used that agency relationship to allege that information State Street provided to Cambridge Financial (but not to Memorial Hermann) contained actionable misrepresentations.  Doc. No. 55, Ex. 1 ¶¶ 26, 28.[1]  Accordingly, in its Motion for Summary Judgment, State Street argued that the information provided to Cambridge Financial in late July 2007 put Memorial Hermann on notice of all material facts related to the Limited Duration Bond Fund's ("LDBF") deteriorating condition and triggered its duty to mitigate.  Doc. No. 78 at 18-22.  In its Opposition to State Street's Motion to Strike the FAC, Memorial Hermann makes yet another attempt to avoid the implications of State Street's mitigation and causation arguments by arguing that Cambridge Financial was, in fact, not its agent after all.

Memorial Hermann's first attempt to disavow an agency relationship with Cambridge Financial came nearly two months after the close of summary judgment briefing, when it moved to withdraw its self-described "unintentional and inadvertent" agency admission from its

Response to State Street's Rule 56.1 Statement of Facts. *See* Doc. No. 102 at 4 (hereinafter, the "Motion to Withdraw"). But Memorial Hermann's admission that Cambridge Financial was its agent was far from an inadvertent one-off instance; rather, it permeated five iterations of its Complaint, including the PFAC submitted to the Court for approval. *See* Doc. No. 118 at 3-4. Memorial Hermann then liberally took matters into its own hands and deleted all references to an agency relationship with Cambridge Financial from the Complaint approved by this Court, in violation of Fed. R. Civ. P. 15(a). Despite resorting to an inappropriate method of self-help, Memorial Hermann argues that the removal of its agency admissions does not materially affect the substance of its Complaint, and thus results in no prejudice to State Street.[2] *See* Doc. No. 119 at 1-2. This argument fails for three reasons.

**First**, Memorial Hermann's argument that the additional amendments merely narrow the allegations to cover only those representations communicated by State Street to Memorial Hermann (and not those communicated to Cambridge Financial), *see* Doc. No. 119 at 3-5, conflicts with the fact that Memorial Hermann explicitly relied on representations that State Street made only to Cambridge Financial – and not to Memorial Hermann – in seeking leave to amend its Complaint. For example, Memorial Hermann touted as newly discovered evidence a holdings report given by State Street to Cambridge Financial in August 2004, asserting that the

---

[1] All citations to "Doc. No." refer to items on file in No. 08 Civ. 5440. Page references are to the page numbers electronically stamped at the top of each document.

[2] In making this argument, Memorial Hermann incorrectly applies the standard used for a motion to strike brought under Fed. R. Civ. P. 12(f) as opposed to Fed. R. Civ. P. 15(a) – the Rule that State Street has moved under to strike the FAC. *See* Doc. No. 118 at 2. Moreover, Memorial Hermann makes a logical leap in suggesting that because the court in *Dover Steel Co. v. The Hartford Accident & Indem. Co.*, 151 F.R.D. 570 (E.D. Pa. 1993), struck certain types of unauthorized amendments, that those categories of amendments are the *only* ones that may ever be stricken. *See* Doc. No. 119 at 2-3. This is simply not so. *See Dover*, 151 F.R.D. at 574 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). But regardless, State Street has met either

report contained material inaccuracies that were actionable under the Texas Securities Act.  *See* Doc. No. 50 at 11.  Memorial Hermann argued that the alleged misrepresentations in the holdings report "in and of themselves" justified granting Memorial Hermann leave to amend.  *Id.* But, as Memorial Hermann well knows, the record is void of evidence that anyone outside of Cambridge Financial was aware these holdings were sent, much less that anyone from Memorial Hermann ever received them.[3]  Memorial Hermann cannot on the one hand assert that alleged misrepresentations made *only* to Cambridge Financial can be imputed to Memorial Hermann, and then on the other hand disavow the knowledge imputed to it via Cambridge Financial's late July 2007 communications with State Street.[4]

**Second**, Memorial Hermann does not deny that it failed to seek leave of Court before deleting the agency admissions from its PFAC.  *See* Doc. No. 119 at 1-2.  Instead, Memorial Hermann claims that filing a different complaint was permissible because "none of the differences alter the proposed causes of action or otherwise affect the substance of Plaintiffs' claims."  *See* Doc. No. 119 at 3-5 ("Whether those misrepresentations were also made to Cambridge (in whatever capacity) does not alter the substance of the Plaintiffs' complaint.").  But this post-hoc justification skirts around the crux of the dispute:  namely, that Memorial

---

standard by establishing both that the amendments do materially alter the substance of the Complaint and that these material alterations prejudice State Street.  *See infra* pp. 3-6.

[3] In fact, members of both Memorial Hermann's executive management and Investment Subcommittee testified that they never received the holdings report prior to investing in LDBF. *See, e.g.*, Declaration of Harvey J. Wolkoff, dated November 1, 2010, Ex. 1 at 87:13-22; Ex. 2 at 99:3-6.

[4] This is but one example of Memorial Hermann attempting to have it both ways.  The allegations in paragraphs 26 and 28 of the FAC, Doc. No. 108, also refer to communications made by State Street to Cambridge Financial, but there is no record evidence that Cambridge Financial ever passed along these communications to Memorial Hermann.  Yet Memorial Hermann cites these communications as evidence of misrepresentations made to them.  *See, e.g., id*. at ¶ 28.

Hermann's admissions in its prior complaints constitute binding judicial admissions that may *only* be withdrawn with the Court's permission.[5]  *See Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) (stating that "a judicial admission, ***unless allowed by the court to be withdrawn***, is conclusive in the case" (emphasis added) (quoting 2 McCormick on Evid. § 254 (6th ed. 2006)). Accordingly, Memorial Hermann's unauthorized amendments amount to nothing less than an improper and material alteration of the PFAC that should not be permitted.  *See Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998) (affirming denial of leave to file second amended complaint that "omitted the admissions in the first amended complaint" and agreeing with the district court that "Austin could not by these omissions 'erase[]' the admissions in her first amended complaint" (alteration in original)), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

**Third**, contrary to Memorial Hermann's assertions, State Street would be prejudiced were Memorial Hermann permitted to withdraw its judicial admission.  Self-evidently, the law requires litigants to seek leave of court before withdrawing judicial admissions because they "obviate the need for debate, discussion or discovery regarding particular factual issues."  *See Banks v. Yokemick*, 214 F. Supp. 2d 401, 405 (S.D.N.Y. 2002) (stating that judicial admissions "remove [those issues] from dispute").  Thus, allowing litigants to retract their admissions results in prejudice to the opposing party who has justifiably relied on them.  *See Xerox Corp. v. Media Scis., Inc.*, 660 F. Supp. 2d 535, 550 (S.D.N.Y. 2009) ("In the Court's view, Xerox was entitled to rely on MSI's concession, which defined the scope of subsequent discovery and motion

---

[5] State Street fully briefed the binding effect of Memorial Hermann's agency admissions in its Opposition to Memorial Hermann's Motion to Amend Response to Rule 56.1 Statement of Facts. *See* Doc. No. 109 at 10-11; *see e.g.*, *Arlin-Golf, LLC v. Vill. of Arlington Heights*, No. 09 Civ. 1907, 2010 WL 918071, at *6 (N.D. Ill. Mar. 9, 2010) ("By repeatedly and unequivocally

practice." (citations omitted)).[6]

Here, Memorial Hermann's judicial admission on agency obviated the need for State Street to conduct discovery concerning this material fact, since it appeared several times in each successive version of Memorial Hermann's Complaint. *See Banks*, 214 F. Supp. 2d at 405. Now, long after discovery has concluded and dispositive motions have been submitted – all on the basis that no dispute existed with respect to Cambridge Financial's agency – Memorial Hermann cannot credibly assert that its retraction would be immaterial to the litigation. Indeed, Memorial Hermann's position begs the question of why it is so ardently pursuing withdrawal of its admission, after pondering State Street's summary judgment motion. The answer is clear: Memorial Hermann hopes to set up a question of fact about what Cambridge Financial told Memorial Hermann in late July 2007, in contrast to what State Street told Cambridge Financial, since the latter is clearly fatal to its claims if binding.[7] Allowing Memorial Hermann to unilaterally withdraw its agency admission, particularly at this late stage of the litigation, would

---

pleading this alleged agency relationship, Plaintiffs bound themselves to their judicial admissions . . . .").

[6] *See also Hoodho*, 558 F.3d at 191 ("This rule of non-inquiry promotes efficiency and judicial economy by facilitating the concession of specific issues, thereby 'provid[ing] notice to all litigants of the issues remaining in dispute, identify[ing] those that can be eliminated from the case and those that cannot be, narrow[ing] the scope of discovery to disputed matters and thus reduc[ing] trial time.'" (alterations in original) (quoting *Banks*, 214 F. Supp. 2d at 405-06)).

[7] As discussed in the multiple motions already briefed on this issue, Memorial Hermann's agency admission is a highly material fact that was highlighted throughout State Street's Motion for Summary Judgment. *See* Doc. No. 109 at 18-19. Memorial Hermann's contention that the issue of agency is immaterial to State Street's summary judgment motion because "fatal fact questions exist about what information was (and was not provided to Cambridge)," Doc. 119 at 7 n.5, merely underscores the legal significance of the agency relationship. The only "evidence" Memorial Hermann has to dispute what State Street told Cambridge Financial on July 27, 2007 is Carrol Aulbaugh's testimony of what Ernest Liebre of Cambridge Financial told *him* on July 31, 2007. *See* Doc. No. 96 at 10-11. But because Cambridge Financial is its agent, Memorial Hermann may not "rebut the imputation of an agent's notice of a fact by establishing that the agent kept silent." Restatement (Third) of Agency § 5.03 cmt. b (2006).

undermine the sound policy binding parties to their judicial admissions, and would result in prejudice to State Street. *See Phoenix Racing, Ltd. v. Lebanon Valley Auto Racing Corp.*, 53 F. Supp. 2d 199, 209 (S.D.N.Y. 1999) (stating that "[c]ourts have often found that a motion to amend made after a summary judgment motion is filed, particularly when discovery is also closed, raises concerns of prejudice that justify denial of the motion" and that "a finding of prejudice is [] warranted where as here discovery and motion deadlines have passed") (citation omitted)).[8]

Accordingly, the unilateral deletions of Memorial Hermann's agency admissions should not be permitted, or alternatively, the PFAC, as the version approved by the Court under Rule 15(a), should be adopted as the operative complaint.

## **CONCLUSION**

For the reasons set forth herein and in State Street's opening brief, State Street respectfully requests that the Court grant its Motion to Strike the amendments in paragraphs 23, 26, 28, 40, 41, and 48 in Memorial Hermann's Fourth Amended Complaint.

---

[8] Courts regularly refuse requests to amend pleadings that are brought only after the completion of summary judgment briefing, finding that such convenient timing is indicative of undue delay or bad faith, and would result in undue prejudice to the opposing party. *See, e.g.*, *PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 752, 764 (S.D.N.Y. 1995) ("When it appears that leave to amend is sought in anticipation of an adverse ruling on the original claims, . . . the court is free to deny leave to amend.") (collecting cases); *Reisner v. Gen. Motors Corp.*, 511 F. Supp. 1167, 1172 (S.D.N.Y. 1981), *aff'd*, 671 F.2d 91 (2d Cir. 1982); *CL-Alexanders Laing & Cruickshank v. Goldfeld*, 739 F. Supp. 158, 167 (S.D.N.Y. 1990) (citing *Ansam Assocs. Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)). Here, the situation is even more inappropriate because Memorial Hermann did not ask the Court to allow it to amend its Complaint yet again, but took it upon itself to do so. Because the only plausible explanation for Memorial Hermann's thirteenth-hour attempt to amend the prior versions of its Complaint is its desire to avoid an adverse ruling on summary judgment, these belated amendments should not be permitted.

| | |
|---|---|
| Dated: November 1, 2010 | ROPES & GRAY LLP<br><br>By: /s/ Harvey J. Wolkoff<br>Harvey J. Wolkoff<br>Robert A. Skinner<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA  02199<br>Tel: (617) 951-7000<br>Fax: (617) 951-7050<br>harvey.wolkoff@ropesgray.com<br>robert.skinner@ropesgray.com<br>*Attorneys for Defendant State Street Bank and Trust Company* |

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2010, I caused a true and correct copy of the foregoing document to be served upon the all counsel of record via the ECF system.

/s/ Allison M. Boscarine
Allison M. Boscarine