Crotty,␣J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-6-12

——————————————————— x
In re STATE STREET BANK AND TRUST　:　MDL No. 1945
CO. FIXED INCOME FUNDS
INVESTMENT LITIGATION
　　　　　　　　　　　　　　　　　　:
———————————————————
NING YU, On Behalf of Himself and All　:　Civil Action No. 1:08-cv-08235-PAC
Others Similarly Situated,　　　　　　:　(Relates to MDL No. 1945)

　　　　　　　　Plaintiff,　　　　　:　<u>CLASS ACTION</u>

　vs.　　　　　　　　　　　　　　:

STATE STREET CORPORATION, et al.,　:

　　　　　　　Defendants.　　　　　:
——————————————————— x

[PROPOSED] ORDER AND FINAL JUDGMENT /s/

On the 6th day of September, 2012, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Settlement Agreement dated March 20, 2012 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint that was filed in this Court under the above caption (the "Litigation"), including the release of the Released Persons, and should be approved; (2) whether the Order and Final Judgment should be entered dismissing the claims on the merits and with prejudice in favor of the Defendants herein and as against all persons or entities who are members of the Class herein who have not timely and validly requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Co-Lead Counsel fees and expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons and entities, reasonably identifiable, who purchased shares of the SSgA Yield Plus Fund (the "Fund") between July 1, 2005 and May 31, 2008, inclusive (the "Class Period"), other than persons excluded from the Class, as shown by the records compiled by the Claims Administrator in connection with its mailing of the Notice, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published pursuant to the Order Preliminarily Approving Settlement and Providing for Notice as set forth in the Declaration of Jennifer S. Hilton; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested by Co-Lead Counsel; and all capitalized terms used herein having the meanings set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Litigation, the Lead Plaintiff, all Class Members, and Defendants.

2. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) the Lead Plaintiff and Co-Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, this Court hereby finally certifies this action as a class action on behalf of all Persons and entities who purchased shares of the Fund during the Class Period. Excluded from the Class are Defendants, officers and directors of the Defendant entities, members of the immediate families of each of the Individual Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or is a beneficiary, and the legal representatives, agents, heirs, successors or assigns of any such excluded party. Also excluded from the Class are any putative Class Members who timely and validly excluded themselves from the Class as listed on Exhibit 1 annexed hereto.

4. Notice of the pendency of the Litigation as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form

and method of notifying the Class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all individuals and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the Parties are directed to consummate the Settlement.

6. The Litigation is hereby dismissed in its entirety with prejudice and without costs.

7. The releases as set forth in ¶¶12.1-12.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.21-1.24, 1.29 relating thereto are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date

8. Upon the Effective Date, the following persons (the "Released Persons") will be fully and finally released and discharged with respect to the Released Plaintiffs' Claims (as defined below): Defendants, their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, representatives, employees, financial or investment advisors, consultants, investment bankers, commercial bankers, engineers, advisors, agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns, and insurers.

9. Upon the Effective Date, the following claims (the "Released Plaintiffs' Claims") will be released with respect to the Released Persons: all actions, claims, debts, demands, causes of

action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), against Defendants and their corresponding Released Persons, belonging to Lead Plaintiff and/or any or all Class Members (with the exception of Class Members who timely and validly excluded themselves from the Class as listed on Exhibit 1 annexed hereto) and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities, whether direct, indirect, individual, derivative, representative or in any other capacity, arising under federal, state, local or foreign, statutory or common law or any other law, rule or regulation, including the law of any foreign jurisdiction, concerning both known claims and Unknown Claims, that: (i) have been asserted in the Litigation against any of the Released Persons; or (ii) could have been asserted in any forum by the Class Members or any of them (as purchasers of Fund shares during the Class Period) against any of the Released Persons (a) arising out of or based upon the allegations, transactions, facts, matters, breaches, occurrences, financial statements, statements, representations or omissions involved, set forth, or referred to in the Litigation and (b) relating to the purchase of Fund shares during the Class Period (except that Released Plaintiffs' Claims do not include claims, rights or causes of action or liabilities whatsoever (1) to enforce the Settlement; or (2) for breach or violation of any of the terms of the Stipulation or orders or judgments issued by the Court in connection with the Settlement).

10. Upon the Effective Date, the following claims (the "Released Defendants' Claims") will be released with respect to Lead Plaintiff, other plaintiffs in the Litigation, Co-Lead Counsel,

any other counsel for plaintiffs in the Litigation, and all members of the Class and their counsel: any and all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local statutory, or common law or any other law, rule, or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Litigation or any forum by Defendants, or the heirs, successors, and assigns of any of them against Lead Plaintiff, other plaintiffs in the Litigation, Co-Lead Counsel, any of the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, excluding any claims for breaches of the Stipulation.

11.     Neither this Order and Final Judgment, nor the facts and terms of the Stipulation, including Exhibits, all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement, shall be deemed or construed, in this or any other court, administrative agency, arbitration forum, or other tribunal, to constitute an admission of, or evidence of, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of any of the Defendants or the Released Persons to Lead Plaintiff, the Class, or anyone else; (iii) of any damages, or lack of damages, suffered by Lead Plaintiff, the Class, or anyone else; or (iv) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered from Defendants in the Litigation if the Litigation was not settled at this point in time.

12.     Notwithstanding the provisions of the preceding paragraph, Defendants and any Released Persons may file the Stipulation, the Preliminary Approval Order, the Notice, and the Order and Final Judgment in any other action or proceeding that may be brought against them in any

forum in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Plan of Allocation is approved as fair and reasonable, and Co-Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

14. The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying Six Million Two Hundred and Fifty Thousand Dollars ($6,250,000) (the "Settlement Amount") to the Settlement Fund.

15. The Court finds and concludes, pursuant to Section 27 of the Securities Act of 1933, as amended by PSLRA, 15 U.S.C. §77z-1(c)(1), that the Lead Plaintiff, Co-Lead Counsel, Defendants and counsel to the Defendants have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

16. Co-Lead Counsel in the Litigation are hereby awarded attorneys' fees in the amount of 33% of the Settlement Amount, which amount the Court finds to be fair and reasonable. Co-Lead Counsel are also hereby awarded $146,513.94 in expenses, which expenses shall be paid to Co-Lead Counsel from the Settlement Fund. The attorneys' fees and expenses shall be paid to Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date paid at the same net rate that the Settlement Fund earned. The awarded fees and expenses, and interest earned thereon, shall be paid to Co-Lead Counsel immediately after this Order and Final Judgment is executed, subject to the terms, conditions and obligations of the Stipulation, which terms and conditions are incorporated herein. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Co-Lead Counsel, fairly compensates such

counsel for their respective contributions in the prosecution and settlement of the Litigation. As a condition of receiving such fees and expenses, Co-Lead Counsel (and each of their partners and/or shareholders) and each Plaintiffs' Counsel (and each of their partners and/or shareholders) shall be subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

17. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement created a cash fund of $6,250,000 that is already on deposit earning interest;

(b) over 3,800 copies of the Notice were disseminated to putative Class Members indicating that Co-Lead Counsel were moving for attorneys' fees in the amount of up to thirty-three percent (33%) of the Settlement Fund, along with litigation expenses plus interest on both amounts, and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Co-Lead Counsel contained in the Notice;

(c) the Litigation involves complex factual and legal issues and, in the absence of a settlement, would involve further proceedings with uncertain resolution of the complex factual and legal issues;

(d) had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the Class would have recovered less or nothing from the Defendants;

(e) Co-Lead Counsel have devoted 6,105.85 hours, with a lodestar value of $2,951,347.00, to achieve the Settlement;

(f) the amount of attorneys' fees and expenses awarded from the Settlement Fund are fair and reasonable and consistent with awards to similar cases; and

(g)   the Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

18.   Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Co-Lead Counsel and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Order and Final Judgment nor the Effective Date of the Settlement.

19.   Jurisdiction is hereby retained over Defendants, the Lead Plaintiff and the Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

20.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or is terminated pursuant to ¶10.1 of the Stipulation, ¶¶3.8 of the Stipulation shall apply and this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her, or its respective position as it existed prior to November 2, 2011.

21.   Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.   The Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

23. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED: _September 6, 2012_

_____
THE HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE